**Larry FERRARO and Kathleen Ferraro, Appellants**

v.

**Loretta McCARTHY–PASCUZZO, Appellee**

Superior Court of Pennsylvania.

Argued Nov. 14, 2000.

Filed May 21, 2001.

**6.** It is true that the transactions share a similar method of operation and the same loca- tion.

Thomas Bruno, Philadelphia, for appellants.

Jennifer A. Mullen, Philadelphia, for appellee.

Before: FORD ELLIOTT, J., EAKIN, J., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus.

¶ 1 Appellants, Larry Ferraro and his wife, Kathleen Ferraro, appeal the order entered November 17, 1999, which denied their petition to amend their complaint, and the order of February 28, 2000 which granted summary judgment in favor of Appellee, Loretta McCarthy–Pascuzzo. For the reasons that follow, we affirm.

¶ 2 The relevant facts and procedural history of the case are as follows. This case arises from an accident that occurred on July 24, 1997, when Larry Ferraro, a pedestrian, was struck by a motor vehicle operated by Michael Pascuzzo. The police department arrived at the scene of the accident and prepared a report specifically identifying the operator of the vehicle as Michael Pascuzzo. *See* Police Incident Report, attached as Exhibit A to Defendant's Answer to Plaintiff's Petition to Amend, filed November 12, 1999. The incident report included the name and policy number of Mr. Pascuzzo's insurance carrier, USAA Casualty Insurance Company (USAA), and also listed two witnesses to the accident. The police report does not reference Loretta McCarthy–Pascuzzo, Michael Pascuzzo's wife.

¶ 3 The Ferraros subsequently retained an attorney, Vincent Ciecka, Esquire, who negotiated with USAA for damages resulting from the accident. A letter dated March 8, 1998, from Kevin James, a claims adjuster for USAA, to Attorney Ciecka states that after investigating the accident, USAA found that Larry Ferraro darted into traffic against the red light. *See* Letter dated 3/8/98, attached as part of Exhibit B appended to Defendant's Answer to Plaintiff's Petition to Amend, *supra*. Accordingly, USAA declined to pay any damages due to the accident. This letter references Loretta McCarthy–Pascuzzo as the policyholder, along with the reference number for the file, the date of loss, the loss location, and also lists Larry Ferraro as the client of Attorney Ciecka. *Id.* The letter does not, however, in any way specifically identify Loretta McCarthy–Pascuzzo as the driver of the vehicle at the time of the accident. Two (2) other letters written by Mr. James to Attorney Ciecka and three (3) letters from Mr. James to the Ferraros' former attorney, Attorney Robert Brown, also referenced Loretta McCarthy–Pascuzzo as the policyholder but in no way identified or insinuated that she was the driver at time of the accident. *See* Exhibit B, *supra*, Letters dated 12/15/97, 2/2/98, 10/19/98, 7/31/98 and 2/18/99.

¶ 4 On June 9, 1999, the Ferraros filed a complaint in the Philadelphia Court of Common Pleas, naming Loretta McCarthy–Pascuzzo as the sole defendant and identifying her as the driver of the vehicle which struck Larry Ferraro at the time of the accident. *See* Complaint filed 6/9/99 at ¶'s 5–6.[1] Counsel for Loretta McCarthy

---

1. Mrs. Ferraro's claim for damages was a derivative claim for loss of consortium due to her husband's injuries.

Pascuzzo entered her appearance on July 15th, 1999. On August 20, 1999, after the statute of limitations expired, Loretta McCarthy–Pascuzzo, through counsel, filed an answer and new matter specifically denying that she was the operator of any vehicle involved in the accident, and raising, *inter alia,* the statute of limitations as a defense. *See* Answer filed 8/20/99, at ¶'s 5–6. On October 12, 1999, the Ferraros filed a petition to amend the complaint requesting that all prior references to Loretta McCarthy–Pascuzzo be amended to reflect that Michael Pascuzzo was the proper party to the action. In their petition, the Ferraros acknowledged that Loretta McCarthy–Pascuzzo was misidentified as the driver in the complaint. *See* Petition to Amend filed, 10/12/99, ¶ 7. Loretta McCarthy–Pascuzzo opposed the petition, and on November 17, 1999, the Ferraros petition to amend was denied by the Honorable Pamela Pryor Dembe of the Court of Common Pleas of Philadelphia.

¶ 5 On January 10, 2000, Loretta McCarthy–Pascuzzo filed a motion for summary judgment, arguing in support thereof that no evidence existed to show that she was a proper party to the suit, and that there was no legal basis to continue the lawsuit against her. On February 28, 2000, the Honorable Allan Tereshko of the Court of Common Pleas of Philadelphia granted the motion for summary judgment. This timely appeal followed.

¶ 6 In this appeal the Ferraros present three (3) issues for our consideration:

A. Did the trial court err and/or abuse its discretion by denying Plaintiff's Petition to Amend their Complaint to properly identify Michael Pascuzzo as the driver of the motor vehicle in Plaintiff's Complaint when it was clear that defense counsel knew of the misidentification, referred to Loretta McCarthy–Pascuzzo as the driver and purposely requested an extension of time to file an answer until after the Statute of Limitations? [2]

B. Did the trial court err and/or abuse its discretion in granting Defendant's Motion for Summary Judgment in that the tactics of defense counsel lulled Plaintiff's attorney about the identity of the driver and that Defendant is estopped from averring that Loretta McCarthy–Pascuzzo was the driver of the motor vehicle for purposes of this law suit?

C. Did the trial court err and/or abuse its discretion by denying Plaintiff's Petition to Amend their Complaint to properly identify Michael Pascuzzo as the driver of the motor vehicle in Plaintiff's Complaint by not applying New Jersey substantive law which liberally allows amendments to relate back to the original date of the pleading since both parties to the lawsuit were New Jersey

---

**2.** The Trial Court in its Rule 1925 opinion expressed its belief that Appellants should have immediately appealed the order of November 17, 1999 denying their petition to amend the complaint. However, we note that the Appellants were unable to immediately appeal the denial of the petition to amend as it was an interlocutory order. "In general, orders which deny or grant a party's request to amend the pleadings are interlocutory and, therefore, not immediately appealable." *Bor-* *ough of Mifflinburg v. Heim,* 705 A.2d 456, 462 (Pa.Super.1997); *See also* Explanatory Note to Pa.R.A.P. 341 (explaining that an order denying a petition to amend a complaint is one of the specific types of orders which are not considered final orders subject to an immediate direct appeal). Thus Appellants properly waited until the entry of summary judgment to appeal the Trial Court's ruling on their petition to amend.

residents and insured by New Jersey policies? [3]

Appellant's Brief at 2.

¶ 7 First, we note the applicable standards of review. The decision of the trial Court to deny a motion to amend a complaint is within the sound discretion of the trial court, and the trial court's determination will not be disturbed absent an abuse of that discretion. *Heim, supra,* 705 A.2d at 463, *citing Sejpal v. Corson, Mitchell, Tomhave & McKinley, M.D.'S., Inc.,* 445 Pa.Super. 427, 665 A.2d 1198 (1995).

¶ 8 "On an appeal from a grant of summary judgment, a reviewing court must examine the record in a light most favorable to the nonmoving party, accepting as true all well-pleaded facts and giving that party benefit of all reasonable inferences which can be drawn from those facts." *Brezenski v. World Truck Transfer,* 755 A.2d 36, 38 (Pa.Super.2000). As our Court has stated previously:

> Summary judgment may be properly entered only where (1) there is no genuine issue of material fact as to a necessary element of the cause of action which could be established by additional discovery or an expert report, or (2) after completion of discovery and production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action.

*Heller v. U.P.S.,* 754 A.2d 689, 693 (Pa.Super.2000), *citing Campanaro v. Pennsylvania Electric Company,* 738 A.2d 472, 475–476 (Pa.Super.1999), appeal denied, 561 Pa. 684, 751 A.2d 183, *in turn citing* Pa.R.C.P. 1035.2.

¶ 9 A trial court's decision to grant summary judgment will be overturned only if there has been an error of law or clear abuse of discretion. *Heller,* 754 A.2d at 693. Our scope of review in these matters is plenary. *Id.* Thus, "we are not bound by a trial court's conclusions of law; instead, we may draw our own inferences and reach our own conclusions." *Borden, Inc. v. Advent Ink Co.,* 701 A.2d 255, 258 (Pa.Super.1997), *appeal denied,* 555 Pa. 725, 725 A.2d 178 (1998), citing *Butterfield v. Giuntoli,* 448 Pa.Super. 1, 670 A.2d 646 (1995), *appeal denied,* 546 Pa. 635, 683 A.2d 875 (1996).

¶ 10 Since the instant case is a personal injury action it is subject to a two-year statute of limitations. *See* 42 Pa.C.S.A. § 5524(2). The statute of limitations in this case expired on July 24, 1999, two years after the accident in which Mr. Ferraro was injured. Consequently, in October of 1999, at the time the Ferraros sought to amend the complaint to substitute Michael Pascuzzo as the defendant, the statute of limitations for the Ferraros' claims had expired.

¶ 11 Pennsylvania Rule of Civil Procedure 1033 provides that a party, by consent or leave of court, "may at any time change the form of action, correct the name of a party or amend his pleading." Pa.R.C.P. 1033. However, amendment of a complaint after the statute of limitations has expired will not be permitted where the amendment attempts to bring a new party into the action. As our Court has stated in a prior case:

> A plaintiff may not add a new defendant after the applicable statute of limitations has expired. *Hoare v. Bell Telephone Co. of Pennsylvania,* 509 Pa. 57, 500 A.2d 1112 (1985); *Zercher v. Coca–Cola USA,* 438 Pa.Super. 142, 651 A.2d 1133 (1994). Thus, in cases where the statute of limitations has expired and a party

---

**3.** We have renumbered Appellant's issues for the purposes of our discussion.

seeks to amend its pleading to correct the name of party, the issue is whether the proposed amendment adds a new party to the litigation or merely corrects a party name. *Jacob's Air Cond. v. Assoc. Heating,* 366 Pa.Super. 430, 433, 531 A.2d 494, 496 (1987). "If an amendment constitutes a simple correcting of the name of a party, it should be allowed, *Wicker v. Esposito,* 500 Pa. 457, 457 A.2d 1260 (1983), but if the amendment in effect adds a new party, it should be prohibited. *Cianchetti v. Kaylen,* 241 Pa.Super. 437, 361 A.2d 842 (1976)." *Jacob's Air Cond. v. Assoc. Heating,supra,* 366 Pa.Super. at 433, 531 A.2d at 496.

*Zercher v. Coca–Cola USA, supra,* 438 Pa.Super. at 146, 651 A.2d at 1135. If the proper party was sued but under the wrong designation, the correction will be allowed. However, where the wrong party was sued and the amendment is designed to substitute another, distinct party, it will be disallowed. *Hamilton v. Bechtel,* 441 Pa.Super. 390, 657 A.2d 980 (1995).

*Anderson Equipment Co. v. Huchber,* 456 Pa.Super. 535, 690 A.2d 1239, 1241 (1997) (footnote omitted). Our review of the record in the instant matter indicates that this is a situation in which the wrong party was initially sued, and the substitution of another distinct party was attempted after the statute of limitations had expired.

¶ 12 The facts of the case at bar are similar to those of *Saracina v. Cotoia,* 417 Pa. 80, 208 A.2d 764 (1965). In that case, the plaintiff was struck by an automobile and sustained injuries. The plaintiff filed a complaint naming one "Anthony Cotoia, a minor" as the owner and operator of the vehicle which struck him. *Id.* at 81, 208 A.2d at 765. After the statute of limitations had expired, the named defendant, Anthony Cotoia, filed an answer alleging

that he was not a minor and that he was not operating the vehicle at the time and place of the accident, but rather that the vehicle was being operated by his son, Robert. The plaintiff filed a petition to amend the complaint to *inter alia* change the name of the named defendant from Anthony Cotoia to Robert Cotoia. The trial court denied permission to amend the complaint and the Pennsylvania Supreme Court affirmed.

¶ 13 The Court said:

While there are strong indications in this case that Saracina intended to bring suit against the operator of the vehicle, Robert Catoia, an amendment of the complaint, after the statute of limitations has run, to bring in a new and distinct party to the action cannot be permitted.

\* \* \* \* \*

The effect of allowing an amendment in this case would be to introduce a new party after the statute of limitations has run and, in effect, to modify the statute of limitations which this Court cannot and should not do.

If the right party was in court as the result of service of process and it was merely his or its designation which was sought to be changed, we would be prone to permit the amendment. However, in the case at bar service was made on "Anthony Cotoia the within named defendant, ... by handing a true and attested copy ... to his father an adult member of his household, at his place of resident ..." The return in no way indicates that Robert Catoia was properly served and is now before the Court.... We, therefore, find that the court below was correct in refusing to permit the complaint to be amended so as to change the proper name of the

defendant from Anthony Catoia to Robert Catoia.

*Id.* at 83–84, 208 A.2d at 766.

¶ 14 Another case presenting factual circumstances analogous to the case at bar is *Hamilton v. Bechtel,* 441 Pa.Super. 390, 657 A.2d 980 (1995), *appeal denied,* 542 Pa. 639, 666 A.2d 1049 (1995). In that case the plaintiffs, the Hamiltons, initiated a lawsuit against the defendants, the Bechtels, for injuries Mrs. Hamilton sustained in an automobile accident. In the complaint which was filed, the Hamiltons averred that it was John Bechtel who negligently operated his vehicle causing it to impact with the vehicle Mrs. Hamilton was driving. The Bechtels filed an answer to the complaint averring that the owner and operator of the vehicle was not John Bechtel but William Bechtel. A police report which was prepared at the time of the accident also identified William Bechtel as the owner and operator of the vehicle. Nevertheless, in spite of the answer which was filed and the preexisting police report, the Hamiltons did not amend their complaint before the statute of limitations had expired. After a year had passed, the Hamiltons filed a petition to modify which was denied by the Trial Court. Our Court affirmed. We said:

> It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period. *Hayward v. Medical Center,* 530 Pa. 320, 608 A.2d 1040, 1042 (1992) citing *Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267, 269 (1963). Thus, the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations. *Hay-*

*ward,* 608 A.2d at 1042 citing *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 468 A.2d 468, 471 (1983).

> Appellants, in the instant case, had the opportunity before the statute of limitations ran, to discover the identity of the correct party. We, therefore, find that the court below was correct in refusing to permit the complaint to be amended in order to change the proper name of the defendant from John Bechtel to William Bechtel.

*Id.* at 982–983.

¶ 15 The Ferraros cite the cases of *DeRugeriis v. Brener,* 237 Pa.Super. 177, 348 A.2d 139 (1975), *appeal dismissed,* 471 Pa. 103, 369 A.2d 1215 (1977) and *Lafferty v. Alan Wexler Agency,* 393 Pa.Super. 400, 574 A.2d 671 (1990) in support of their argument that they are entitled to amend the complaint. However, these cases are distinguishable on their facts. In *DeRugeriis,* the plaintiff filed suit to recover for injuries arising out of an automobile accident. After the statute of limitations had expired the defendant sought to dismiss the complaint on the basis that the plaintiff had named the wrong party. However, the trial court allowed the plaintiff's complaint to be amended after the statute of limitations had run due to the actions of the defendant. The defendant had actively concealed the true identity of the driver and even went so far as to supply the plaintiff with an incorrect name for the driver. Unlike the case *sub judice,* there was no police report prepared at the time of the accident which identified the driver. We affirmed the decision of the trial court and held that the running of the statute of limitations was tolled due to the conduct of the defendant. In *Lafferty,* we again held that amendment of a complaint after the statute of limitations had run was permissible because the evidence clearly demon-

strated that the defendant originally named in the plaintiff's complaint had actively misled the plaintiff as to the true identity of the correct defendant. In the instant case, the police report correctly identified the driver, and no evidence has been presented that the identity of the driver, Michael Pascuzzo, was concealed by Loretta McCarthy–Pascuzzo, or anyone on her behalf, or that the Ferraros were actively misled despite the Ferraros' bald allegations to the contrary.

¶ 16 The Ferraros have argued that USAA and McCarthy–Pascuzzo's attorney misrepresented the identity of the driver of the vehicle, inducing Ferraro to believe the driver was Loretta McCarthy–Pascuzzo. Although the Ferraros point to no specific act of misrepresentation on the part of McCarthy–Pascuzzo's attorney, they contend that USAA misrepresented in their written correspondence that Loretta Pascuzzo–McCarthy was the driver of the vehicle. In a somewhat novel argument, the Ferraros contend this misrepresentation serves to estop Loretta McCarthy–Pascuzzo from legally denying that she was in fact the driver of the vehicle at the time of the accident. Appellant's Brief at 14. We note parenthetically that any such misrepresentation, if it were shown to be true by competent evidence of record, would serve only to toll the statute of limitations and permit an amendment of the complaint to reflect the proper defendant. *DeRugeriis, Lafferty, supra.* However the remedy for this type of alleged misrepresentation does not extend to permitting a cause of action to proceed in a court of law against an individual such as Mrs. Pascuzzo, whom all parties agree was not involved in the accident and who can in no way be held legally responsible for the Ferraros' damages.

¶ 17 Moreover and importantly, contrary to the Ferraros' argument, the fact that USAA's correspondence reflects the **policyholder** as Loretta McCarthy–Pascuzzo has no bearing on the identity of the **driver** at the time of the accident, particularly whenever the police report specifically listed the driver and did not mention Mrs. Pascuzzo at all. Nowhere in the record does USAA, or the McCarthy–Pascuzzo's attorney, specifically refer to the driver of the automobile as Loretta McCarthy–Pascuzzo. Thus, we see no evidence that McCarthy–Pascuzzo's counsel or USAA actively attempted to conceal or mislead the Ferraros as to the identity of the driver of the vehicle.

¶ 18 The Ferraros are advancing an identical argument as the plaintiffs advanced in *Hamilton, supra.* In that case the Hamiltons had argued strenuously that they had been misled since the insurance carrier had specifically referred in all of its correspondence only to its named insured, John Bechtel, and never mentioned the driver of the vehicle involved in the accident, William Bechtel, by name. *Id.,* 657 A.2d at 982. The Hamiltons contended that this amounted to "concealment" and fraudulent conduct on the part of the insurance company which should have estopped the insurance company from asserting the defense of the expiration of the statute of limitations. *Id.* Our Court, however, did not accept this argument and declined to find that the insurance company's reference only to its named insured in written correspondence was fraudulent conduct on its part which would serve to estop it from raising the statute of limitations. *Id.*

¶ 19 In an attempt to bolster their argument, the Ferraros assert that although the correct driver is listed in the police report, "it is common knowledge that incident reports often contain mistakes" and therefore it was reasonable not to rely on such information. Appellant's

Brief, at 13 fn. 1. We find this position unpersuasive. Simply put, there can be no concealment by the named defendant where the driver is correctly named in the police report.

 ¶ 20 The Ferraros alternatively contend that their counsel granted McCarthy–Pascuzzo an extension of time to file an answer even though her counsel knew of the misidentification and knew the extension meant that Ferraro would not be informed of his error until after the expiration of the statute of limitations. We see no evidence of record to support this assertion that this was counsel's motivation in seeking the extension which she did upon entering the case. Moreover, this contention does not alter the inescapable fact that the Ferraros had ample time and means to ascertain the proper identity of the driver prior to the expiration of the statute of limitations and to properly name Mr. Pascuzzo as the defendant in the complaint. The Ferraros were on notice as to the identity of the driver, and they failed to use reasonable diligence in correctly naming the defendant in the complaint. Thus, the Trial Court did not abuse its discretion in refusing to allow them to amend their complaint. The entry of summary judgment was therefore also proper since Mrs. McCarthy–Pascuzzo was not the proper party to be sued, and the statute of limitations had run before Mr. Pascuzzo could be added as a defendant. *Finn v. Dugan*, 260 Pa.Super. 367, 394 A.2d 595, 597 (1978).

¶ 21 In an attempt to circumvent the bar of the statute of limitations the Ferraros have also advanced the contention that New Jersey "substantive law" applies to the instant case. Appellants specifically contend that the Philadelphia Court of Common Pleas should have applied *New Jersey Rule of Civil Procedure 4:9–3*, which, by their interpretation, would have allowed Appellants to amend their complaint. This particular rule provides:

**4:9–3. When Amendments Relate Back**

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment.

New Jersey Rules Governing Civil Practice in the Superior Court, Tax Court and Surrogates Court, Rule 4:9–3.

 ¶ 22 The Ferraros cite no relevant authority to our Court to explain why a New Jersey Rule of Civil Procedure should be applied by a Pennsylvania Court to govern the conduct of a civil proceeding which was originated by them in a Pennsylvania Court and which has at all times remained within the jurisdiction of the Pennsylvania Court System. We note that, despite the citation to the above quoted New Jersey Rule of Procedure, the thrust of Appellant's argument is that the substantive law of New Jersey should govern this lawsuit due to the parties alleged

"significant contacts and relationships" with that state. Appellant's Brief at 10. However, Appellant has confused the concepts of procedural and substantive law. Substantive law is the portion of the law which creates the rights and duties of the parties to a judicial proceeding, whereas procedural law is the set of rules which prescribe the steps by which the parties may have their respective rights and duties judicially enforced. *Blacks Law Dictionary*, Seventh Edition at 1221, 1443. Whenever Pennsylvania is the chosen forum state for a civil action, our state's procedural rules i.e. the Pennsylvania Rules of Civil Procedure govern, no matter what substantive law our courts must apply in resolving the underlying legal issues. *Rocker v. Harvey*, 370 Pa.Super. 32, 535 A.2d 1136, 1140 (1988); *Kaiser v. Western States Administrators*, 702 A.2d 609, 612 (Pa.Cmwlth.1997); *C.f. Smith v. Commonwealth National Bank*, 384 Pa.Super. 65, 557 A.2d 775 (1989) (trial court applied Pennsylvania procedural law to determine if entry of summary judgment was proper even though insurance agreement contained language indicating that it was to be governed by the laws of New York); *Commonwealth v. Sanchez*, 552 Pa. 570, 575, 716 A.2d 1221, 1223 (1998) ("In conflicts cases involving procedural matters Pennsylvania will apply its own procedural laws whenever serving as the forum state."); *Larrison v. Larrison*, 750 A.2d 895, 898 (Pa.Super.2000) (same); *Crawford v. Manhattan Life*, 208 Pa.Super. 150, 221 A.2d 877, 883, n. 3 (1966) (procedural questions are determined by the law of the forum). Thus, the Trial Court properly considered whether amendment of the Ferraros' complaint was proper under Pennsylvania Rule of Civil Procedure 1033 and properly considered whether the entry of summary judgment was warranted under Pennsylvania Rule of Civil Procedure 1035.2. New Jersey's Rules of Procedure governing the manner in which lawsuits commenced in that state's court system are to be handled have no applicability whatsoever to this proceeding.

¶ 23 The cases upon which Appellant relies, *Normann v. Johns–Manville Corp.*, 406 Pa.Super. 103, 593 A.2d 890 (1991), *appeal denied*, 530 Pa. 645, 607 A.2d 255 (1992) and *Cutitta v. Selective Insurance Co. of America*, 255 N.J.Super. 252, 604 A.2d 989 (App.Div.1992) do not compel a different result. In *Normann* our Court was faced with the issue of what state's *substantive* law to apply in determining the liability of an asbestos manufacturer. In *Cutitta* the issue before a panel of the New Jersey Superior Court was whether a motorist could compel arbitration of his claim for medical damages under the terms of his insurance policy and under New Jersey's uninsured/underinsured motorists statute. In interpreting the statute the New Jersey Court looked to New York law for the proper construction of its terms since the statute was deliberately patterned after New York law. The present case involves no similar question of statutory interpretation and hence *Cutitta* has no applicability.

¶ 24 In sum, we agree with the Trial Court that The Ferraros merely sued the wrong individual, despite the correct information contained in the police report. Further, there is no valid basis given for any alleged inability to correctly identify the defendant within the two-year statute of limitations. Accordingly, we affirm the order denying the petition to amend, and affirm the order granting summary judgment.

¶ 25 Orders affirmed.