Robert FREDERICKS and Lindy Fredericks, h/w Appellants

v.

George SOPHOCLES and Annette Sophocles, t/a Paoli Medical Arts Partnership, Appellees.

Superior Court of Pennsylvania.

Argued June 11, 2003.

Filed Aug. 11, 2003.

Scott R. Reidenbach, Berwyn, for appellants.

Mark L. Tunnell, West Chester, for appellees.

Before: STEVENS, MONTEMURO * and KELLY, JJ.

MONTEMURO, J.:

¶ 1 This is an appeal from an order entering summary judgment in favor of Appellees in a personal injury action.

¶ 2 On July 16, 1999, Appellant Lindy Fredericks slipped and fell on the premises of 17 Industrial Boulevard, Paoli, Pennsylvania, sustaining injuries to her ankle. On July 13, 2001, she instituted suit by writ of summons seeking damages for her injury, naming as defendants Appellees herein. After Appellees praecipied for a complaint to be filed within 20 days or the entry of a *non pros* judgment, the complaint was lodged on November 20, 2001, alleging that Appellant had fallen on property in the "exclusive custody, possession and control of George and Annette Sophocles t/a Paoli Medical Arts Partnership." (Appellant's Complaint at 1).

¶ 3 In their Answer, Appellees denied several times trading as Paoli Medical Arts

* Retired Justice assigned to Superior Court.

Partnership with regard to 17 Industrial Boulevard, and denied that Annette Sophocles was in custody, possession, and control of the property where Appellant's fall occurred. They asserted in New Matter that any injuries or damages actually sustained "were caused by the acts of other persons, parties or entities," (Answer and New Matter at 4), that Appellant's claims were barred by the statute of limitations, and that indispensable parties had not been joined. Indeed, in their answers to interrogatories Appellants identified Phillips, Fanfera and Sophocles t/a Paoli West Professional Park as the equitable owners of the accident site.[1]

¶ 4 On March 5, 2002, Appellant moved to amend the caption of the complaint to Phillips, Fanfera and Sophocles, a Limited Pennsylvania Partnership, t/a Paoli West Professional Park. A week later Appellees moved for summary judgment on the basis that the amendment was time barred as an attempted substitution of parties: the entity originally named as defendant owned not the subject property, but another, located down the street, and the property on which the fall occurred was held by a different entity altogether. The trial court agreed with Appellees, and after Appellant twice moved unsuccessfully for reconsideration, this appeal followed.

¶ 5 Appellant has presented two issues on appeal, the first of which assigns error to the court's grant of summary judgment because "Appellee George Sophocles admitted to being in the custody, possession and control of the premises upon which Appellant, Lindy Fredericks, was injured." (Appellant's Brief at 14).

¶ 6 We first note that,

[i]n reviewing a grant of summary judgment, an appellate court may disturb the order of the trial court only where there has been an error of law or manifest abuse of discretion. Nevertheless, the scope of review is plenary; the appellate court shall apply the same standard for summary judgment as the trial court. . . .

The record is to be viewed in the light most favorable to the nonmoving party, and all doubts as to the presence of a genuine issue of material fact must be resolved against the moving party.

*Albright v. Abington Mem'l Hosp.*, 548 Pa. 268, 696 A.2d 1159, 1165 (1997).

■ ¶ 7 The basis for Appellant's claim is Pa.R.C.P. 1029(e)(1), which provides that in an action for bodily injury, possession or control of the property involved in the injury must be denied specifically; the absence of such a denial constitutes an admission that George Sophocles was, in fact, in possession of the property. Appellant argues that although Appellees' Answer and New Matter contains a specific denial as to Annette Sophocles' possession, *etc.*, of the accident property, the absence of any such denial as to George Sophocles results in an admission rendering summary judgment improper. The question then becomes whether Appellees' repeated denials in their Answer and New Matter that they trade as Paoli Medical Arts Partnership with respect to 17 Industrial Boulevard, (Answer and New Matter at 1, 3) are sufficiently specific to function as the denial required by Rule 1029(e)(1). We find that they are.

¶ 8 This Court's decision in *Willinger v. Mercy Catholic Med. Ctr., et al.*, 241 Pa.Super. 456, 362 A.2d 280 (1976), *aff'd*, 482 Pa. 441, 393 A.2d 1188 (1978), offers an instructive analog. There we found that appellants had admitted by omission the agency of a nurse anesthetist whose negligence during surgery, which was not seri-

1. The title owner is Chester County Development Authority.

ously uncontested, led to the death of a child. We found that the appellant's answer was ambiguous,[2] as it could be read either as a denial of negligence in treating the child or a denial that the person treating the child was employed by the hospital. Here, there is no such uncertainty.

¶ 9 Moreover, even were the denial insufficient, the question remains whether there was a cognizable claim against the owner of the property. The Uniform Partnership Act, 15 Pa.C.S.A. § 8311 defines partnership as "an association of two or more persons to carry on as co-owners a business for profit." Moreover, the liability of partners is joint except in instances where the wrongful acts or breaches of trust of one partner are chargeable to the partnership. Thus, Pa.R.C.P. 2128(a) provides that "[a]n action against a partnership may be prosecuted against one or more partners as individuals trading as the partnership in the manner designated by Rule 2127(a), or against the partnership in its firm name." Rule 2127(a) explains that "[a] partnership having a right of action shall prosecute such right in the names of the then partners trading in the firm name, in the following manner: 'A, B and C trading as X & Co.'"

■■■ ¶ 10 In her complaint Appellant failed either to name George Sophocles trading as the name of the partnership actually in possession of the property, or to name the partnership/owner by itself. This fact brings us to Appellant's second claim, that the trial court erred in refusing to allow her to amend the caption to "correct" Appellee's name. We review the trial court's decisions on requests for amendments on an abuse of discretion standard. *Ferraro v. McCarthy–Pascuzzo*, 777 A.2d 1128, 1132 (Pa.Super.2001). Although Pa.

R.C.P. 1033 permits amendments to the caption at any time, changes effected subsequent to the running of the statute of limitations are restricted to minor rectifications, not substitution of parties. As this Court explained in *Anderson Equip. Co. v. Huchber*, 456 Pa.Super. 535, 690 A.2d 1239, 1241 (1997), emendations correcting the name of a party, *e.g.*, from corporation to partnership or vice-versa, will be allowed after the statute period has ended. *See Powell v. Sutliff*, 410 Pa. 436, 189 A.2d 864 (1963). Where the proposed change has the effect of adding a new party, it should be prohibited. We held that, "[i]f the proper party was sued but under the wrong designation, the correction will be allowed. However, where the wrong party was sued and the amendment is designed to substitute another, distinct party, it will be disallowed. Important in this determination is whether different assets will be subject to liability by allowing the amendment." *Anderson, supra* at 1241 (citations omitted). The imposition of liability on a new and distinct party after the statute of limitations has run is the result to be avoided.

■■■ ¶ 11 The rules regarding designation of a partnership are clear: both the partner and the entity itself must be properly designated; naming as a defendant a partner in one company does not serve to identify another company as defendant. Even though the same person is involved in both partnerships, the correct entity must be designated, as, in fact, the assets are different. Because of the requirements of the Rule, a plaintiff's failure to plead the proper party prior to the statutory limitation period defeats the liability of the defendant. *Id.* at 1242.

---

**2.** The Rule requiring of specific denial was Pa.R.C.P. 1045(a), the precursor to Rule

1029(e)(1).

¶ 12 Further, almost four years had passed between the time of the accident and the request to amend. The information as to the actual ownership of the property could have been ascertained easily within the two year time frame.[3] As this Court has observed, "[i]t is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period." *Hamilton v. Bechtel*, 441 Pa.Super. 390, 657 A.2d 980, 982 (1995) (quoting *Hayward v. Medical Center*, 530 Pa. 320, 608 A.2d 1040, 1042 (1992)).

¶ 13 Order affirmed.

---

**3.** An affidavit contained in the record reveals that a sign posted near the accident site bore the designation "Paoli Professional Park West," the partnership name of Phillips, Fanfera and Sophocles. Another affidavit from the claims supervisor of the insurance company that issued the policy on the accident property states that in 1999 a claim was paid to Appellant on behalf of Phillips, Fanfera and Sophocles t/a Paoli West Professional Building.