Glenn E. BLAINE, Jr. and Dorsey
Blaine, Appellants,

v.

YORK FINANCIAL CORPORATION,
Appellee.

Superior Court of Pennsylvania.

Argued Jan. 13, 2004.
Filed April 8, 2004.

Greg Martin, York, for appellants.

Kimberly A. Boyer, Philadelphia, for appellee.

Before: STEVENS, PANELLA and OLSZWESKI, JJ.

OPINION BY PANELLA, J.:

¶ 1 Glenn E. Blaine, Jr. and Dorsey Blaine appeal from the Order entered on June 6, 2003 in the Court of Common

Pleas of York County denying the Blaines' Motion to Amend their personal injury Complaint and granting summary judgment in favor of Appellee. On appeal, the Blaines argue that agents of York Financial Corporation, Appellee in this action, actively misled them as to the identity of the proper Defendant in this matter. After a careful review, we reverse and remand for further proceedings.

¶ 2 Initially, we will review the factual background of this action, as set forth in the Complaint. On December 12, 1999, Appellant Glenn E. Blaine, Jr., was touring a two-story home with a real estate agent as a prospective buyer. While descending a set of steps in the house, the steps gave way, causing Blaine to fall to the ground and suffer injuries. The Complaint names York Financial Corporation, Appellee, as the owner of the house.

¶ 3 Plaintiffs initially attempted to handle this matter *pro se* and proceeded to negotiate with Chubb Group of Insurance Companies, which insured York Financial Corporation. On February 3, 2000, Patricia J. Smith, Claim Representative for Chubb, sent a letter to Blaine identifying the insured entity as York Financial Corporation and asking for Blaine's telephone number in order to contact him with regard to his general liability claim from December 12, 1999. It is important to note that York Financial Corporation admits that Smith was aware that York Financial was not the owner of the subject house at the time she sent this letter. (Exhibit E to Plaintiffs' Motion to Amend Complaint).

¶ 4 Over the course of the next 6 months, several more letters were sent to Blaine from Smith and from Jill M. Malgier, a Claims Examiner with Chubb. Each of these letters identifies York Financial Corporation as the insured party. York Financial Corporation admits that Malgier was also aware that York Financial Corporation was not the owner of the subject house when she sent the letters. (Exhibit E to Plaintiffs' Motion to Amend Complaint).

¶ 5 On August 31, 2001, the Blaines retained their current counsel. On November 6, 2001, Blaines' counsel received a letter from Joanne M. Force identifying the insured as York Financial Corporation. On December 3, 2001, the Blaines filed the instant Complaint, as the statute of limitations was set to expire on December 12, 2001. On December 14, 2001, the Blaines' counsel sent a letter to Force stating "Because of the impending Statute of Limitations, I had to file suit. I am willing, however, to discuss settlement amicably if you wish to withhold further litigation. Please advise accordingly."

¶ 6 On April 30, 2002, counsel for York Financial Corporation sent a letter to Plaintiff's counsel stating that, in fact, York Federal Savings and Loan Association[1] was the owner of the house. On June 3, 2002, York Financial Corporation filed an Answer with New Matter, denying ownership of the subject property. Discovery in the form of interrogatories and requests for admissions was exchanged. In December of 2002, York Financial Corporation filed a Motion for Judgment on the Pleadings. In March of 2003, Plaintiffs filed a Motion to Amend Complaint In Order to Correct Name of Defendant. The matters were consolidated, and on June 6, 2003, the lower court denied Plaintiffs' Motion to Amend and granted Defendant's Motion for Judgment on the Pleadings. A timely Notice of Appeal was filed by the Blaines.

¶ 7 Initially, we note the applicable standard of review. "The decision of the trial

---

1. Also an insured of Chubb Group of Insurance Companies.

Court to deny a motion to amend a complaint is within the sound discretion of the trial court, and the trial court's determination will not be disturbed absent an abuse of that discretion." *Ferraro v. McCarthy–Pascuzzo,* 777 A.2d 1128, 1132 (Pa.Super.2001).

¶ 8 The Supreme Court of Pennsylvania has set forth the general rule for attempts to amend a pleading after the statute of limitations has run:

> Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party or change the capacity in which he is sued. If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party, it will be refused.

*Girardi v. Laquin Lumber Company,* 232 Pa. 1, 81 A. 63 (1911). However, this Court has refused to apply this rule in cases where the defendant has actively misled the plaintiff into believing that the correct defendant has been named. *Lafferty v. Alan Wexler Agency, Inc.,* 393 Pa.Super. 400, 574 A.2d 671 (1990). The defendant's actions in misleading the plaintiff need not be intentional. *Id.* The Plaintiff bears the burden of proving active concealment through clear and convincing evidence. *Montanya v. McGonegal,* 757 A.2d 947, 950 (Pa.Super.2000) (citations omitted).

¶ 9 York Financial Corporation attempts to distinguish *Lafferty* and argues that the present factual scenario is more closely analogous to *Fredericks v. Sophocles,* 831 A.2d 147 (Pa.Super.2003). However, *Fredericks* did not involve active misrepresentation on the part of the defendant as to the correct identity of the proper owner. The specific issues addressed by the *Fredericks* court were 1) whether the defendant failed to properly deny ownership of the subject property in his pleadings, and 2) whether the trial court erred in returning to allow plaintiff to amend the caption to reflect the correct partnerships as a defendant.

¶ 10 After examining the pleadings, the *Fredericks* court found that the defendant had in fact, properly denied his ownership in the subject property. *Fredericks,* 831 A.2d at 149–150. Further, the court found that under Pennsylvania Rule of Civil Procedure 2128(a), a partnership must be named to be made a party. Merely naming one of the partnership's principals is not sufficient. *Fredericks,* 831 A.2d at 150. As a result, the court held that an amendment adding a different partnership, albeit one in which one of the individual defendants was also a partner, was not a "correction" allowable after the statutory limitation period had run. *Id.* Neither of these issues concern us in the present case, and therefore we find *Fredericks* to have no relation to the present case.

¶ 11 In the alternative, York Financial Corporation argues that the result in this case is controlled by *Ferraro v. McCarthy–Pascuzzo,* 777 A.2d 1128 (Pa.Super.2001). In *Ferraro,* the plaintiffs argued that the defendant and its insurance carrier actively misrepresented the identity of the driver of the vehicle that struck one of the plaintiffs. As in this case, correspondence from the insurer referenced the named defendant as the policyholder, but did not name the driver of the vehicle in any manner. *Ferraro,* 777 A.2d at 1130. After the statutory limitations period had run, the defendant filed an answer denying that she was the driver of the vehicle at the time of the accident. The plaintiffs thereafter attempted to amend their Complaint to name the defendant's husband as the driver.

¶ 12 On appeal, this Court held that the plaintiffs had failed to demonstrate that the defendant had actively misled them with respect to the identity of the *driver.*

[C]ontrary to the [plaintiffs'] argument, the fact that [defendant's insurance company's] correspondence reflects the **policyholder** as [defendant] has no bearing on the identity of the **driver** at the time of the accident.

777 A.2d at 1135 (emphasis in original). While *Ferraro* is more analogous to the facts presently before us than *Fredericks,* we believe that the facts in *Ferraro* are also distinguishable.

¶ 13 In a suit involving injuries from an automobile accident, it is often the case that someone other than the owner of the vehicle is driving at the time of the accident. Additionally, it is common that an automobile insurance policy will cover drivers other than the owner or policy holder. Accordingly, there is a valid reason for an insurance company to engage in negotiations with a putative plaintiff even when their policy holder is not the tortfeasor in a personal injury suit. To the contrary, there is no practical reason for a property liability insurer to negotiate with a putative plaintiff when the policy holder is not a proper defendant.

¶ 14 In this case, York Financial Corporation admits that Chubb's employees acting on its behalf knew that York Financial Corporation was not a proper defendant when they engaged in negotiations with the Blaines. We can ascertain no other reason for these negotiations, undertaken on behalf of York Financial Corporation, other than to mislead the Blaines as to the identity of the proper defendant in this matter. Chubb was initially contacted by the Plaintiffs with reference to the accident which occurred on December 12, 1999. Chubb responded, on numerous occasions, that its insured was York Financial Corporation. The location of the accident in issue was well known to Chubb. That Chubb did not inform the Blaines that its insured, York Financial Corporation, was not the owner leads to the conclusion that Chubb had ulterior motives in its communications with the Blaines.

¶ 15 In light of the above discussion, we find that the Blaines established by clear and convincing evidence that York Financial Corporation's agents actively misrepresented the identity of the proper defendant in this matter. Especially important in determining that clear and convincing evidence was presented are York Financial Corporation's admissions that Chubb's employees were aware of the identity of the proper defendant at the time that they communicated with the Blaines. We further note that while the Blaines did not bear the burden of establishing that such misrepresentation was intentional, this evidence is sufficient to support that finding as well. Accordingly, we find that the lower court abused its discretion in denying the Blaines' Motion to Amend and therefore reverse the Order of June 6, 2003 and remand for proceedings consistent with this opinion.

¶ 16 Order reversed. Case remanded. Jurisdiction relinquished.