J-S43041-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| PEGGY SUE LAPENZ AND RAYMOND F. LAPENZ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| DUSTIN TIFFANY A/K/A DUSTIN BRINK AND DAVID TIFFANY AND CHERYL TIFFANY | |
| | No. 245 WDA 2017 |

Appeal from the Judgment Entered January 5, 2017
In the Court of Common Pleas of Erie County
Civil Division at No(s): 2012-11716

BEFORE: STABILE, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          FILED: SEPTEMBER 29, 2017

Appellants, Peggy Sue Lapenz and Raymond F. Lapenz, appeal from the judgment entered in the Erie County Court of Common Pleas after the trial court granted summary judgment in favor of Appellees, Dustin Tiffany a/k/a Dustin Brink and David Tiffany and Cheryl Tiffany. Appellants contend the trial court erred when it denied the motion to amend their complaint based on expiration of the statute of limitations. We affirm.

The trial court summarized the factual and procedural history as follows:

On June 9, 2010, Peggy Sue Lapenz [] was involved in a car accident in Lowville Township. At the intersections of Routes 8 and 89, [Ms. Lapenz] brought her vehicle to a stop at a "[y]ield" sign. One of the [Appellees] is Dustin Tiffany a/k/a Dustin Brink ("Dustin"). Dustin has a twin brother,

_____
[*] Former Justice specially assigned to the Superior Court.

Justin Brink []. On the day of the accident, purportedly[,] Justin Brink ("Justin") approached the intersection behind [Ms. Lapenz]. Justin allegedly struck the rear bumper of [Ms. Lapenz's] vehicle causing a dent in the bumper of her vehicle.

At the scene of the accident, [Ms. Lapenz] and Justin exchanged identity and insurance information. The insurance card provided by Justin listed David and Cheryl Tiffany as the owners of the insurance policy on the vehicle. Justin Brink told [Ms. Lapenz] his name was "Justin." The police were not summoned. As a result, a police report was not filed.

[Ms. Lapenz] took notes at the scene of the accident and wrote down Justin's name as the driver. [Ms. Lapenz] filed a claim for first party medical benefits with her insurer, Erie Insurance Exchange ("Erie").

Meanwhile, Justin told his mother and stepfather, David and Cheryl Tiffany, about the accident. The Tiffanys were also insured with Erie. On June 10, 2010, David Tiffany informed his liability adjustor at Erie that Justin was involved in an accident with [Ms. Lapenz's] vehicle. The Claims Management System Auto Loss Report dated 6/10/2010 states:

> PAM HOLMES ADJUSTOR — JUSTIN FOLLOWING PEGGY LAPENZ ENTERED YIELD AREA FROM RT 8 ONTO RT 89 WATTSBURG — JUSTIN THOUGHT PEGGY PROCEEDED TO PULL ONTO RT 89 — HE LOOKED FOR TRAFFIC — SHE HAD NOT LEFT AREA AND JUSTIN BUMPED PEGGY'S DRIVER SIDE REAR BUMPER — NO DAMAGE VISIBLE TO EITHER DRIVER & THEY LEFT THE SCENE — INSD NO COLL COVERAGE THIS IS PD ONLY. DAVE TIFFANY — XFILE PAM HOLMES.

On 6/11/2010, the liability adjustor at Erie took a statement from Justin Brink over the phone regarding his version of the accident. Justin's statement was memorialized in a Claims Management System File Note Detail which states, in part: "ON 6-11-10 I OBT'D A R-S OF JUSTIN BRINK OVER THE PHONE."

Before this lawsuit was filed, [Ms. Lapenz] had informal contact with her first party medical adjustor at Erie, Sharon Russell. She also had contact with Tracy Krepps, the liability adjustor at Erie handling [Ms. Lapenz's] claim against the Tiffanys. [Ms. Lapenz] was able to have these contacts because she also works at Erie albeit in a different department.

[Ms. Lapenz] works with both a "Dustin" and a "Justin" and sometimes confuses the two. This fact prompted her to contact [Ms.] Russell to verify the name of the driver who hit her. [Ms. Lapenz] was advised by [Ms.] Russell the driver was Dustin. It is unclear how [Ms.] Russell concluded the driver was Dustin when the information conveyed to Erie indicated Justin was the driver.

In early April, 2012, counsel for [Ms. Lapenz] sent a letter of representation to Erie "with regard to the injuries suffered by Ms. Lapenz as a result of the negligence of your insured's son, Dustin, on June 9, 2010 . . . ". There was no response from Erie correcting the name of Dustin to Justin.

[Appellants] initiated this action by [w]rit of [s]ummons on May 10, 2012. Named as defendants on the [w]rit were [Appellees,] David Tiffany, Cheryl Tiffany, and Dustin Tiffany, a minor. On May 29, 2012, service of these [w]rits was effectuated, in part, by Erie County Sheriff Deputy David Orr at the home of . . . Cheryl and David Tiffany, in Corry, Pennsylvania. David Tiffany answered the door. Deputy Orr advised he was serving three sealed envelopes, one each for "David Tiffany," "Cheryl Tiffany," and "Dustin Tiffany, a minor." David Tiffany accepted possession of the three sealed envelopes from Deputy Orr.

David Tiffany informed Deputy Orr that Dustin's correct name is "Dustin Brink." [David] Tiffany also informed Deputy Orr that Dustin Brink no longer lives in their home and provided Dustin's address at 1909 Abbey Lane in the City of Erie. Deputy Orr returned the [w]rit as "[u]nserved" upon Dustin Tiffany.

A File Note Detail in Erie's records, entered by [Ms.] Krepps, reflects that Erie was advised on May 30, 2012, by

David Tiffany he had been served with [w]rits of [s]ummons including one for Dustin Tiffany, a minor.

On June 7, 2012, [two days before the statute of limitations for the accident expired,[1] Appellants] filed an [a]mended [w]rit of [s]ummons changing the caption to "Dustin Tiffany a/k/a Dustin Brink, a minor." The [w]rit was returned as "[u]nserved" at the Erie address by the Erie County Sheriff's Department.

A File Note Detail in the Erie liability file states that an amended [w]rit was filed on June 7, 2012, which incorrectly named Dustin as the driver. The File Note Detail, Updated Review of Writ, authored by [Ms.] Krepps states, in part:

> OUR INSURED DRIVER IS JUSTIN BRINK, NOT DUSTIN BRINK. IT APPEARS THIS WAS FILED INCORRECTLY[.] HOWEVER, I HAVE NOT BEEN ABLE TO SPEAK WITH CLMT ATTY TO VERIFY THIS.

On December 21, 2012, [Appellants] filed a [c]omplaint against "Dustin Tiffany a/k/a[] Dustin Brink, David Tiffany and Cheryl Tiffany, Defendants."[2] There is no evidence

---

[1] The statute of limitations expired on June 9, 2012. See 42 Pa.C.S. § 5524(2) (An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another must be commenced within two years).

[2] Appellees filed preliminary objections on January 3, 2013, which were granted on March 4, 2013. Although the trial court stated that Appellees did not file an answer, the record reveals Appellees filed an answer with new matter on July 15, 2014, which states, in pertinent part:

> The vehicle that bumped the rear of plaintiff's car was not being operated by defendant Dustin Brink. Rather, the vehicle was being operated by Justin Brink, another of defendant Cheryl Tiffany's children.

> Defendant Cheryl Tiffany is not an owner of the vehicle that was being driven by Justin Brink at the time of the accident.

that either Dustin or Justin have been served with the [c]omplaint.

Trial Ct. Op., 11/6/14, at 1-4 (citations omitted).

On August 1, 2014, Appellants filed a motion to amend the complaint. They sought to remove Cheryl Tiffany as a defendant, add Justin as a defendant, and restate the allegations against Dustin "to reflect his potential liability as an owner of the vehicle involved in the accident." Appellants' Mot. to Am. Compl., 8/1/14, at 6. On September 30, 2014, the trial court conducted a hearing, and on November 6, 2014, the trial court denied Appellants' motion because it was filed after the statute of limitations expired. Thereafter, Appellees filed a motion for summary judgment, which was granted on January 5, 2017.[3]

---

The vehicle that was being driven by Justin Brink was owned by defendants David Tiffany and Dustin Brink.

Appellee's Answer, 7/15/14, at 4.

[3] The trial court did not issue a further opinion on the order granting Appellees' motion for summary judgment. Rather, it relied on its November 16, 2014 opinion explaining its denial of Appellants' motion to amend.

Appellants timely appealed[4] and filed a Pa.R.A.P. 1925(b) statement.[5]

Appellants raise the following issues for our review:

> I. Whether the trial court abused its discretion in denying the Appellants' motion to amend their complaint?
>
> II. Whether the trial court committed an error of law in concluding that Appellees preserved the argument of "different policy/different adjustor" when it was raised for the first time at the evidentiary hearing on Appellants' motion to amend their complaint?

Appellants' Brief at 4 (capitalization omitted).

Our standards of review are as follows:

> The decision of the trial [c]ourt to deny a motion to amend a complaint is within the sound discretion of the trial court, and the trial court's determination will not be disturbed absent an abuse of that discretion.

---

[4] In some circumstances, an order denying a motion to amend a complaint may be a final, appealable order. See McClean v. Djerassi, 84 A.3d 1067, 1071 (Pa. Super. 2013) (plaintiff's original complaint was void and of no effect because it was filed against a deceased individual; thus, as there were no outstanding claims, order denying plaintiff's motion to amend complaint to substitute dead person's estate constituted final, appealable order). Here, however, the order denying the motion to amend was not final and appealable, because Appellants' claims against the original defendants remained intact. See Pa.R.A.P. 341(b)(1) (final order disposes of all claims and all parties). The final order in this case was the summary judgment order in favor of the original defendants. Because Appellants timely appealed from this order, this appeal is proper. See Ferraro v. McCarthy-Pascuzzo, 777 A.2d 1128, 1131 (Pa. Super. 2001).

[5] We note that Appellants raised nineteen issues in their Rule 1925(b) statement; however, we will proceed to the merits of this appeal. See Eiser v. Brown & Williamson Tobacco Corp., 938 A.2d 417, 427-28 (Pa. 2007) (Baldwin, J., plurality) ("[T]he number of issues raised in a Rule 1925(b) statement does not, without more, provide a basis upon which to deny appellate review where an appeal otherwise complies with the mandates of appellate practice.").

On an appeal from a grant of summary judgment, a reviewing court must examine the record in a light most favorable to the nonmoving party, accepting as true all well-pleaded facts and giving that party benefit of all reasonable inferences which can be drawn from those facts. As our Court has stated previously:

Summary judgment may be properly entered only where (1) there is no genuine issue of material fact as to a necessary element of the cause of action which could be established by additional discovery or an expert report, or (2) after completion of discovery and production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action.

A trial court's decision to grant summary judgment will be overturned only if there has been an error of law or clear abuse of discretion. Our scope of review in these matters is plenary. Thus, we are not bound by a trial court's conclusions of law; instead, we may draw our own inferences and reach our own conclusions.

Ferraro, 777 A.2d at 1132 (citations omitted).

Appellants first argue that the statute of limitations should be tolled to allow them to amend their complaint based on Appellees' active concealment of the driver's—i.e., Justin's—identity. Appellants allege three instances of active concealment: 1) "Erie advised [Ms. Lapenz] that the driver of the vehicle . . . had a first name of Dustin[, Justin's twin]"; 2) "Erie later failed to correct the [Appellants'] counsel's identification in a written correspondence to it of 'Dustin' as the party whose negligence caused the injuries to [Ms. Lapenz]"; and 3) "David Tiffany[] failed to inform the serving deputy upon

service of the writs that Justin Brink not Dustin Brink was the driver of the vehicle that struck [Ms. Lapenz] even though he knew that Justin caused the at-issue accident." Appellants' Brief at 12. Appellants conclude that the trial court erred in denying its motion to amend. We disagree.

It is well settled that

> [a] plaintiff may not add a new defendant after the applicable statute of limitations has expired.[6] Thus, in cases where the statute of limitations has expired and a party seeks to amend its pleading to correct the name of [a] party, the issue is whether the proposed amendment adds a new party to the litigation or merely corrects a party name.

\* \* \*

---

[6] Pa.R.C.P. 1033 states, inter alia, that "A party either by consent of the adverse party or by leave of the court, may at any time . . . add a person as a party." Pa.R.C.P. 1033 (subsequently amended eff. Apr. 1, 2017). The current version of Rule 1033, which does not apply in this case, provides:

> An amendment correcting the name of a party against whom a claim has been asserted in the original pleading relates back to the date of the commencement of the action if, within ninety days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

Pa.R.C.P. 1033(b) (eff. Apr. 1, 2017). The comments provide "The interests of justice are served by a rule of civil procedure permitting a party to correct a complaint that provides an incorrect name of a party when there is no prejudice to the party brought in by the amendment." Id., 2017 Explanatory Cmts. However, "[t]he [2017] amendment of Rule 1033 does not alter the concealment doctrine and the discovery rule." Id.

- 8 -

> If the proper party was sued but under the wrong designation, the correction will be allowed. However, where the wrong defendant was sued and the amendment is designed to substitute another, distinct party, it will be disallowed.

Ferraro, 777 A.2d at 1132-33 (citations omitted).

> Where a defendant or his agents actively mislead a plaintiff as to who are the proper defendants until after the statute of limitations has expired, the proper remedy is to toll the statute of limitations as to the defendant regarding whom the concealment was directed. Intentional concealment of the identity of the proper defendant is not necessary. All that is required is that the evidence establish that one party actively misled another party.

Diaz v. Schultz, 841 A.2d 546, 549 (Pa. Super. 2004) (citations, quotations, and ellipsis omitted).

In DeRugeriis v. Brener, 348 A.2d 139 (Pa. Super. 1975), we held the plaintiff was entitled to amend his complaint to add a new party after the statute of limitations expired. Id. at 140. The parties in DeRugeriis were involved in a motor vehicle accident. Id. Following the accident, they pulled their vehicles onto a neighboring property. Id. The property owner witnessed the parties exchange identification, wrote down the names that were given at the scene on a piece of paper, and gave the paper to the plaintiff. Id. Based on this exchange, the plaintiff misidentified the defendant's father rather than the defendant as a party to the action. Id. at 139. The defendant's father, the plaintiff's father, and the defendant's insurance company communicated with one another. Id. at 140. However, it was not until after the statute of limitations expired that the defendant's father filed an answer that correctly

identified the defendant as the driver. Id. at 139-40. The trial court granted the plaintiff leave to amend the pleadings, but subsequently granted judgment on the pleadings based on the statute of limitations. Id.

The DeRugeriis court concluded the statute of limitations for the underlying action was tolled, and stated, "[i]n the case before us, [the defendant] did not supply [the plaintiff] with the correct information as to his name; nor did his father; nor did his insurance carrier. . . . The true identity of the driver was withheld until [the] defendant answered the original complaint." Id. at 140. Accordingly, we reversed the trial court and remanded for trial. Id.

In Ferraro, this Court found no active concealment as would permit the plaintiffs to add a new party after the statute of limitations expired. Ferraro, 777 A.2d at 1136. There, a pedestrian was struck by a vehicle. Id. at 1130. The police arrived at the scene and prepared a report, which correctly identified the driver. Id. A claims adjustor for the driver's insurance company wrote multiple letters to the plaintiffs'[7] counsel referencing the driver's wife as the insurance policyholder. Id. The plaintiffs' complaint named the driver's wife as a defendant instead of the driver. After the statute of limitations expired, the driver filed an answer with new matter which specifically denied that his wife was the proper defendant. Id. at 1130-31. The plaintiffs filed a motion to amend the complaint, which was denied. Id. at 1131. The trial

---

[7] The plaintiffs included the pedestrian and his wife.

court granted summary judgment for the defendant, and in the appeal by the plaintiffs, we affirmed. Id. at 1131, 1137.

Relying on DeRugeriis, the plaintiffs in Ferraro asserted that the defendant's insurance company tailored its written correspondence to mislead the plaintiffs into believing that the driver's wife was the proper defendant. Id. at 1135. The plaintiffs further contended "it was reasonable not to rely" on the police report's reference to the driver, because "incident reports often contain mistakes . . . ." Id. (quotations omitted). The Ferraro Court found DeRugeriis distinguishable, noting that the defendant in DeRugeriis "had actively concealed the true identity of the driver and even went so far as to supply the plaintiff with an incorrect name for the driver." Id. In contrast, the driver in Ferraro was "correctly named in the police report." Id. at 1135. The Ferraro Court concluded: "Simply put, there can be no concealment by the named defendant where the driver is correctly named in the police report." Id. at 1136. The Court continued:

> [T]he [plaintiffs] had ample time and means to ascertain the proper identity of the driver prior to the expiration of the statute of limitations and to properly name [the driver] as the defendant in the complaint. The [plaintiffs] were on notice as to the identity of the driver, and they failed to use reasonable diligence in correctly naming the defendant in the complaint.

Id.; see also Hamilton v. Bechtel, 657 A.2d 980, 983 (Pa. Super. 1995) ("[L]ack of knowledge, mistake, or misunderstanding do not toll the running of the statute of limitations" (citations and quotations omitted)).

Here, Appellants' motion to amend the complaint sought to add a new, distinct party, and thus could be granted only if there was active concealment that tolled the statute of limitations. See Ferraro, 777 A.2d at 1134-35; Diaz, 841 A.2d at 549. The record reflects, however, that there was no active concealment by Justin, Appellees, or Erie. First, Ms. Lapenz testified Justin correctly identified himself at the scene of the accident:

> [Counsel for Appellant]: What name were you given at the time of the accident?
>
> [Ms. Lapenz]: Justin.
>
> [Counsel for Appellant]: That's what you wrote down or thought you had written down?
>
> [Ms. Lapenz]: Yes, that's what I had written down.

N.T., 9/30/14, at 5.

Moreover, Ms. Lapenz indicated that neither Appellees nor Erie were responsible for her confusion between "Justin" and "Dustin":

> [Counsel for Appellee:] There was nothing that Erie Insurance did to create that initial sense of confusion in your mind; was there?
>
> [Ms. Lapenz:] It was just doubt that I had.
>
> [Counsel for Appellee:] And it was doubt because of your work?
>
> [Ms. Lapenz:] Because of me working so closely with a Justin and Dustin.
>
> [Counsel for Appellee:] And again, it wasn't anything that anyone at Erie Insurance did to cause that confusion, correct?

[Ms. Lapenz:] Not up until I spoke with Tracy—Sharon.

[Counsel for Appellee:] And it wasn't anything that was done by either the Tiffanys or the Brinks that caused that confusion, correct?

[Ms. Lapenz:] I had no communication with them since the accident.

Id. at 16.

While a formal police report was not prepared, Ms. Lapenz had taken notes at the scene of the accident and had correctly identified Justin as the driver.[8] The fact that Ms. Lapenz tended to confuse the names "Justin" and "Dustin," did not establish active concealment. See Hamilton, 657 A.2d at 983. Further, unlike the defendant in DeRugeriis, Justin did not supply Ms. Lapenz with an incorrect name, nor did Appellees withhold Justin's identity until after the statute of limitations expired. Within days of the accident, Justin and David Tiffany contacted Erie and identified Justin as the driver.

Furthermore, while Ms. Russell informed Ms. Lapenz that Dustin was the driver, that misstatement is not attributable to Appellees. Although Erie covered both Appellants and Appellee, Ms. Russell was not the liability adjustor for Appellees; rather, she was the first party medical adjustor for Ms. Lapenz.[9]

_____

[8] We note that Ms. Lapenz subsequently lost these notes. However, she testified that at the time her confusion arose as to who the other driver was, she was in possession of another document, which listed Justin as the driver.

[9] Ms. Lapenz testified she was aware there were two different adjustors with two different claim numbers.

Notably, Ms. Lapenz testified that Appellees' liability adjustor, Ms. Krepps, never misled her into believing that the other driver was Dustin:

> [Counsel for Appellee:] And [Ms. Krepps] never told you who the name of the driver was?
>
> [Ms. Lapenz:] Not that I recall.
>
> [Counsel for Appellee:] In other words, it wasn't a conversation and she goes, oh, yeah, were you hit by Dustin? Nothing like that that you recall?
>
> [Ms. Lapenz:] Not that I recall.

N.T. at 20. There was no evidence Ms. Krepps was aware of the error in the letter of representation.[10]

There is also no evidence that David Tiffany knew Dustin was wrongly named as a defendant when Deputy Orr served him with original process. David Tiffany testified there was nothing written on the envelopes besides his name, Cheryl Tiffany's name, and Dustin's name, and Deputy Orr did not indicate what the envelopes contained. Therefore, he could not have known that Deputy Orr was serving him with a lawsuit concerning Justin's accident nearly two years earlier. Thus, Appellants' argument that David Tiffany engaged in active concealment of the correct defendant lacks support in the record.

---

[10] Ms. Russell and Ms. Krepps were not called as witnesses at the hearing on the motion to amend the complaint.

Appellants next contend that Appellees waived their argument that Ms. Russell's statement that Dustin, not Justin, was the driver of the vehicle did not constitute concealment because Ms. Russell was Appellants' first party medical benefits adjustor, not Appellees' liability adjustor. By way of background, Appellants filed their motion to amend the complaint, claiming, in part, that Ms. Russell's statement constituted concealment because Erie insured both Appellants and Appellees. Appellees filed a written response contesting the motion and arguing that no misidentification occurred. At the hearing, Appellees argued that Ms. Russell's misidentification could not be attributed to them because Ms. Russell was Appellants', not Appellees', adjustor. Appellants suggested that this argument was waived because Appellees failed to include in their written response to their motion to amend the complaint. The trial court granted the parties leave to file supplemental briefs on the issue of waiver, but ultimately concluded that no waiver occurred and Appellants' failed to show that they were prejudiced by the argument. We agree with the trial court.

Appellants' motion to amend their complaint is governed by the general rules governing motions practice. See Pa.R.C.P. 208.1.-211. Unlike responses to motions for summary judgment or post-trial motions, the general rules governing motions practice do not include a waiver provision. See Pa.R.C.P. 208.1(b)(1) (noting general rules regarding motions in Rules 208.1-211 do not apply to motions for summary judgment or post-trial motions);

Pa.R.C.P. 1035.3(a), (d) (requiring response to motion for summary judgment and permitting court to enter summary judgment against a party who fails to respond). Moreover, it is well settled that the party moving to amend a complaint after the statute of limitations has run "bears the burden of proving active concealment through clear and convincing evidence." Blaine v. York Financial Corp., 847 A.2d 727, 729 (Pa. Super. 2004) (citation omitted).

Instantly, Appellees contested Appellants' motion and preserved their claim that they did not conceal Justin's identity as the driver from Appellants. Appellants' thus bore the burden of establishing a basis for finding concealment, which they did not meet. See id. Appellees' specific legal argument was not waived, and the parties were free to supplement their arguments based on record developed at the hearing. Moreover, the trial court was under no obligation to ignore that argument when ruling on Appellants' motion. Thus, we discern no merit to Appellants' argument that Appellees waived their argument that Ms. Russell's statement did not constitute concealment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2017