**Joseph J. PULLI and Sandra L. Pulli, h/w, Appellants**

v.

**Stacey USTIN, Appellee.**

**Joseph J. Pulli and Sandra L. Pulli, h/w, Appellants**

v.

**Comprehensive Financial Professionals, LLC and National Planning Corp., Appellees.**

Superior Court of Pennsylvania.

Argued May 10, 2011.

Filed July 5, 2011.

Scot Withers, West Chester, for appellants.

Allyn M. Starry, Allentown, for Ustin, appellee.

Andrew J. Kramer, Norristown, for Comprehensive, appellee.

BEFORE: DONOHUE, MUNDY, and STRASSBURGER *, JJ.

* Retired Senior Judge assigned to the Superior

OPINION BY STRASSBURGER, J.:

Appellants Joseph J. Pulli (Husband) and Sandra L. Pulli (Wife) appeal from the July 9, 2010 order granting summary judgment in favor of Appellee Comprehensive Financial Professionals, LLC (Comprehensive). Upon review, we affirm.

The relevant factual and procedural history were set forth by the trial court.

> [Husband] was injured in a motor vehicle accident on November 7, 2003. At the time of the accident, the other driver [Appellee] Stacey Ustin, was driving to Wachovia Bank in Lansdale. [Appellants] filed a Complaint on July 6, 2004 solely against [Appellee], Stacey Ustin, who was served with the Complaint on July 19, 2004. According to the Affidavit of counsel for the [Appellants] attached to the Response to the Motion for Summary Judgment, contemporaneously with the service of the Complaint on July 19, 2004, counsel for [Appellants] served interrogatories on [Appellee], Stacey Ustin. According to the same Affidavit, Interrogatory No. 4 served on [Appellee], Stacey Ustin, asked that she state "each place [she] traveled on the date of the accident, and with respect to each ... (c) the purpose for [the] stop at each place." On October 18, 2004, [Appellee] Ustin responded to Interrogatory No. 4(c) by stating that her purpose was "go to the bank in Lansdale."

> Subsequently, counsel for [Appellants] and counsel for [Appellee] Ustin engaged in discovery. In his Affidavit, [Appellants'] counsel asserts that he had "been stalled by counsel for [Appellee] driver Ustin for almost a year before [he] actually was able to take her deposition on August 18, 2006." [Appellants'] counsel concedes that he did not file a

Court.

Motion to Compel [Appellee] Ustin's deposition. [Appellee] Ustin's deposition was eventually scheduled for August 18, 2006, at which time [Appellants'] counsel learned for the first time that Ms. Ustin was driving on November 7, 2003 to Wachovia Bank in Lansdale "in order to make a deposit for her employer, [Comprehensive]." [Appellants'] counsel filed a Writ of Summons on behalf of [Appellants] ..., against [Appellee] Comprehensive on August 28, 2006 in [the trial court].

Trial Court Opinion and Order, 7/9/2010, at 1–2.

Comprehensive filed a motion for summary judgment asserting the statute of limitations. On June 11, 2010, the trial court granted summary judgment in favor of Comprehensive. Subsequently, Appellants filed an "Application to Amend Interlocutory Order entered June 11, 2010, to Set Forth Expressly the Statement Specific in 42 Pa.C.S. § 702(b)." [1] Upon this request, the trial court determined that "an immediate appeal of the issues presented by this Order would facilitate the resolution of the entire case, despite the fact that fewer than all of the claims and parties have been disposed of," making the order a final order pursuant to Pa.R.A.P. 341(c). [2] Trial Court Opinion and Order, 7/9/2010, at 8.

On appeal, Appellants raise the following issue: "Whether the common pleas court erred as a matter of law and/or abused its discretion in granting summary judgment on the basis that the statute of limitations had run?" Appellants' Brief at 4. [3]

On appeal from an order granting a motion for summary judgment, our review is plenary, and we may reverse the order of the trial court only if that court committed an error of law or abused its discretion. *ADP, Inc. v. Morrow Motors Inc.*, 969 A.2d 1244, 1246 (Pa.Super.2009).

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes

1. 42 Pa.C.S. § 702(b) reads:
   **Interlocutory appeals by permission.**— When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

2. Pa.R.A.P. 341(c) reads, in relevant part:

**Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered.

3. The trial court did not order Appellants to comply with Pa.R.A.P. 1925.

the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Id.* (citations omitted).

In its motion for summary judgment, Comprehensive asserted that the statute of limitations for this tort ran on November 7, 2005, and Comprehensive was not served with the lawsuit until August 28, 2006—nine months late.[4]

■■■ "[T]he statute of limitations begins to run as soon as the right to institute and maintain a suit arises." *Fine v. Checcio,* 582 Pa. 253, 870 A.2d 850, 857 (2004). "In Pennsylvania, there are two well-recognized legal constructs that toll the running of the statute of limitations: the discovery rule and the doctrine of fraudulent concealment." *Coleman v. Wyeth Pharmaceuticals, Inc.,* 6 A.3d 502, 510 (Pa.Super.2010), *reargument denied* (Nov. 4, 2010).

■■■ Instantly, there is no dispute about when the injury to Husband occurred. As a result of the accident, Husband "was thrown violently around the interior of his automobile and sustained serious injuries to the muscles, nerves, tendons, connective tissues and organs of his body." Amended Complaint, 1/22/2007, at ¶ 14. However, the trial court concluded that the discovery rule does not apply in this situation. We agree.

The discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct. In *Fine v. Checcio,* 582 Pa. 253, 870 A.2d 850 (2005), our Supreme Court affirmed the applicability of the discovery rule in cases involving latent injuries or instances where the causal connection between an injury and another's conduct was not apparent. Our high court has looked favorably on tying commencement of the limitations period to actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause.

*Coleman,* 6 A.3d at 510 (internal citations and quotations omitted).

In *Coleman, supra,* this Court stated that "[t]he common thread in our jurisprudence ... is the recognition that at some point, a plaintiff should become sufficiently aware of his injury and that it was caused by another to trigger or awaken inquiry." *Id.* at 510. "Knowledge of an injury alone is not sufficient to trigger such inquiry. One must have some reason to suspect that the injury was caused by a third party to impose a duty to investigate further." *Id.* at 511.

Since there is no doubt that Husband was immediately aware of his injury, and that he was injured because of a third party, the trial court did not err in determining that the discovery rule did not toll the statute of limitations in this case.

■■■ Appellants also contend that the trial court erred in not applying the doctrine of fraudulent concealment because Comprehensive "should be estopped from receiving the benefit of its employee's

---

**4.** A personal injury action is governed by a two-year statute of limitations. 42 Pa.C.S. § 5524(2).

concealment of its role in this accident." Appellants' Brief at 16. The trial court concluded that "[n]othing in the record indicated that [Ustin] concealed or attempted to hide the fact she was driving on behalf of her employer, [Comprehensive]." Trial Court Opinion, 7/9/2010, at 7. We agree.

> The doctrine of fraudulent concealment is an exception to the requirement that a complaining party must file suit within the statutory period. Where, through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations. The defendant's conduct need not rise to fraud or concealment in the strictest sense, that is, with an intent to deceive; unintentional fraud or concealment is sufficient ... mere mistake, misunderstanding or lack of knowledge is insufficient however, and the burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party.

*Baselice v. Franciscan Friars Assumption BVM Province, Inc.,* 879 A.2d 270, 278 (Pa.Super.2005).

Appellants served interrogatories on Ustin, where one question, Interrogatory 4(c), asked Ustin to state each place she traveled to on the date of the accident and the purpose for the trip. Ustin responded that she was going to the bank in Lansdale. *See* Exhibits B and C to [Appellants'] Memorandum of Law in Opposition to [Comprehensive's] Motion for Summary Judgment. During her deposition, however, Ustin indicated that she was going to the bank on behalf of her employer, Comprehensive. Deposition of Stacey Fales Ustin, 8/18/2006, at 32–33.

▮ "In order for fraudulent concealment to toll the statute of limitations, the defendant must have committed some affirmative independent act of concealment upon which the plaintiff justifiably relied." *Id.* Additionally, it is Appellants' burden to prove active concealment by clear and convincing evidence. *Montanya v. McGonegal,* 757 A.2d 947, 951 (Pa.Super.2000). Instantly, Appellants point to no act of fraudulent concealment or misleading. Appellants could have filed a motion to compel more specific answers to the interrogatories if they felt the answers provided were insufficient. Appellants did not file a motion to compel Ustin's deposition in a more timely fashion, although they could have done so. Thus, the trial court did not err by not applying the doctrine of fraudulent concealment in this case.

Therefore, we conclude that the trial court did not err in granting summary judgment in favor of Comprehensive where neither the discovery rule nor the doctrine of fraudulent concealment is applicable and where through due diligence, Appellants could have initiated suit within the statute of limitations. *See Fredericks v. Sophocles,* 831 A.2d 147, 151 (Pa.Super.2003).

Order affirmed. Jurisdiction relinquished.