Paulette B. PACE and Hugh
D. Pace, Appellants,

v.

THOMAS JEFFERSON UNIVERSITY HOSPITAL, Michael I. Sobel, D.O., Michael Gold, M.D. and Anthony M. Carrato, M.D., Appellees.

Superior Court of Pennsylvania.

Filed July 29, 1998.

Stokes E. Mott, Philadelphia, for appellants.

Stephanie L. Herspenger, Arthur M. Toensmeier & Barbara S. Magen, Philadelphia, for appellees.

Before KELLY, POPOVICH and ORIE MELVIN, JJ.

OPINION PER CURIAM:

Appellants, Paulette B. Pace and Hugh D. Pace, have filed an appeal from the April 7, 1998 Order, entered in the Philadelphia County Court of Common Pleas, denying appellants' motion for leave to file an amended complaint. Appellees have filed a motion to quash this appeal. Thus, we must determine whether this Order is properly on appeal to this Court. Following a careful review of the applicable law and the Pennsylvania Rules of Appellate Procedure, we conclude that the Order at issue is interlocutory and does not meet the requirements of an appealable Order. Accordingly, we quash.

The relevant facts and procedural history of the case are as follows. Appellants instituted an action against appellees on June 26, 1996, alleging various theories of medical malpractice and professional liability. On March 2, 1998, appellants filed a motion to amend their complaint to include a claim related to informed consent. On April 7, 1998, the trial court denied appellants' motion to amend their complaint and entered its Order on the docket on April 14, 1998. On May 7, 1998, appellants filed their notice of appeal from the April 7, 1998 Order and also filed a motion with the trial court to certify the Order for immediate appellate review. On May 14, 1998, appellees filed their motion to quash the appeal as interlocutory and unappealable. To date, appellants have not filed an answer to this motion to quash. Meanwhile, the trial court did not act on appellants' motion to certify the order for appellate review within thirty days.[1] Further, appellants did not file a petition for review within thirty days of the deemed denial of their motion to certify the Order for immediate appellate review.

■■■ Under Pennsylvania law, an appeal may be taken from: (1) a final order or an order certified by the trial court as a final order (Pa.R.App.P.341); (2) an interlocutory order as of right (Pa.R.App.P.311); (3) an interlocutory order by permission (Pa.R.App.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); (4) or a collateral order (Pa.R.App.P.313). *Continental Bank v. Andrew Building Co.,* 436 Pa.Super. 559, 648 A.2d 551 (1994). The question of the appealability of an order goes directly to the jurisdiction of the Court asked to review the order. *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985).

"A final order is any order that disposes of all claims and of all parties." Pa.R.App.P. 341(b)(1). The Note following Rule 341 provides in pertinent part:

> The following is a partial list of orders that **are no longer appealable as final orders** pursuant to Rule 341 but which in an appropriate case might fall under Rules 312 (Interlocutory Appeals by Permission) or 313 (Collateral Orders) of this Chapter:
>
> * * * *
>
> (5) an order denying a petition to amend a complaint.

---

1. Pa.R.App.P. 341(c) provides that an application for determination of finality shall be deemed denied if not acted upon by the trial court within thirty days of the entry of the order.

Pa.R.App.P. 341, Note (Emphasis supplied). Thus, this matter is properly on appeal only if this Court has granted a permissive appeal, pursuant to appellate Rule 312, or if the Order at issue meets the qualifications of a collateral order, pursuant to appellate Rule 313.

In the present case, appellants requested the trial court to certify its Order of April 7. The trial court, however, did not act on this motion within thirty days. Therefore, the motion was deemed denied. *See* Pa.R.App.P. 341(c)(3). Appellants filed a direct appeal from the Order of April 7, without certification from the trial court or permission to appeal from this Court. Thus, to proceed to immediate appellate review, the order at issue must qualify as a collateral order.

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.App.P. 313(b). To qualify as a collateral order for purposes of appeal, all three factors set forth in Rule 313 must be met. *McGourty v. Pennsylvania Millers Mut. Ins. Co.*, 704 A.2d 663, 665 (Pa.Super.1997). A panel of this Court recently cautioned against an overly broad interpretation of this rule:

> The collateral order doctrine must be construed narrowly in order to "protect the integrity of the fundamental legal principle that only final orders may be appealed. To hold otherwise would allow the collateral order doctrine to swallow up the final order rule.... causing litigation to be interrupted and delayed by piecemeal review of trial court decisions...."

*Id.* at 665. (citation omitted).

■ An order is not separable and collateral from an action where it has the potential to decide at least one issue in a case. *Van Der Laan v. Nazareth Hosp.*, 703 A.2d 540 (Pa.Super.1997). The first part of the collateral order test is not satisfied when the trial court denies a petition to amend a complaint, as the complaint is the precise vehicle to state a cause of action and related theories of recovery. *Cf. Santiago v. Pennsylvania*

*Nat'l Mut. Cas. Ins. Co.*, 418 Pa.Super. 178, 185, 613 A.2d 1235, 1238 (1992)(Pennsylvania system of fact pleading requires pleader to define issues; every act or performance essential to that end must be set forth in the complaint).

■ In the instant case, appellants sought to amend their complaint in medical malpractice to add a claim for lack of informed consent. This proposed additional claim is not distinct and separate from the main cause of action already in progress. To the contrary, the proposed amendment is directly related to appellants' main cause of action as an alternative theory of recovery. Thus, the order denying appellants leave to amend their complaint to add an alternative theory of recovery does not satisfy the first prerequisite of a collateral order.

Moreover, the collateral order doctrine also requires the question presented to be of such urgency that, if review is postponed until final judgment in the case, the claim will be irreparably lost. *See* Pa.R.App.P. 313(b). Here, appellants cannot maintain that the proposed claim will be irreparably lost if review of the court's order denying appellants leave to amend their complaint is postponed until completion of the litigation. Rather, on appeal from the final order and judgment, appellants can ask this Court to review the propriety of the order at issue and seek an appropriate remedy at that time. Although appellants may suffer inconvenience by virtue of postponed review, inconvenience alone does not constitute irreparable loss of the proposed claim in this case. *See generally MacGregor v. Mediq, Inc.*, 395 Pa.Super. 221, 576 A.2d 1123 (1990)(broad authority of Pennsylvania courts to allow amendment of pleadings at any time extends to amendments permitted after award has been made and appeal taken therefrom, provided amendment does not violate law or prejudice rights of opposing party) (citations omitted). Thus, the proposed amendment in the present case also does not satisfy this prerequisite of the collateral order doctrine.

■ We hold, therefore, that an order denying leave to amend a complaint to add an alternative theory of recovery does not quali-

fy as a collateral order under Pa.R.App.P. 313. This conclusion is consistent with the appellate rules and established Pennsylvania case law. *See McGourty v. Pennsylvania Millers Mut. Ins. Co., supra.* We further hold that Pa.R.App.P 312, governing interlocutory appeals by permission, provides the only means by which this order may be appealed prior to the entry of a final order. *See* Pa.R.App.P. 341. *Cf. Borough of Mifflinburg v. Heim,* 705 A.2d 456 (Pa.Super.1997)(order denying petition to amend counterclaim and new matter was interlocutory and could only be reviewed through application for grant of permissive interim appellate review). Accordingly, we grant appellees' motion to quash this appeal as interlocutory and unappealable.

Appeal quashed.