J. A14007/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS J. GRECO AND | : | IN THE SUPERIOR COURT OF |
| RICHARD J. GRECO, TRADING AS | : | PENNSYLVANIA |
| TGRG, LLP, SUCCESSOR TO | : | |
| THOMAS J. GRECO, ERIC KORNFELD | : | |
| AND MITCHELL KORNFELD, | : | |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| CITIZENS BANK OF PENNSYLVANIA, | : | No. 1504 MDA 2013 |
| SUCCESSOR TO UNITED PENN BANK | : | |
| AND MELLON BANK, N.A. | : | |

Appeal from the Order Entered August 2, 2013,
in the Court of Common Pleas of Luzerne County
Civil Division at No. 3003 of 2005

BEFORE: FORD ELLIOTT, P.J.E., OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 10, 2014**

Appellants appeal from the order of August 2, 2013, in this long-running lease dispute. We affirm.

The history of this matter is as follows. Appellee Citizens Bank of Pennsylvania ("Citizens") operates a bank branch at 111 East Market Street in Wilkes-Barre, which it leases from appellants. The Lease had an initial 30-year term which commenced on March 1, 1990. The Lease set the rent for the first 10 years, until 2000, and thereafter the rent was to be reset every 5 years to fair market value. The Lease specified that if the parties could not agree on the rent, the new rental rate would be determined by an

---

* Retired Senior Judge assigned to the Superior Court.

MAI appraiser agreed upon by the parties. If the parties could not agree on an MAI appraiser, each party would independently select one MAI appraiser. The two appraisers selected would then select a third, neutral appraiser, and the fair market rental rate would be determined by a majority of the appraisers.

In March 2005, the parties were unable to come to an agreement on the new rental rate, nor could they agree on a mutually acceptable appraiser. Therefore, according to the terms of the Lease, each was required to pick an appraiser so that the two appraisers could select a third. Citizens selected Donald Goertel, MAI, as its appraiser, and Mr. Goertel duly produced an appraisal. According to appellants, however, Mr. Goertel was not provided a copy of the actual Lease Agreement and instead relied on a Lease Abstract provided by counsel.

Appellants alleged that the Lease Abstract contained misinformation regarding the square footage of the property and the number of parking spaces available, resulting in an appraisal far below fair market value. Appellants also alleged that the Lease Abstract erroneously reported the March 2000 rent as $35,000/year, when in fact it was approximately $91,000/year. Although Mr. Goertel's appraisal report referenced the Lease Abstract, it was not attached to the report.

Appellants filed a complaint seeking to disqualify Mr. Goertel as Citizens' appraiser and also seeking specific compliance with the provisions

of the Lease, including the appraisal process. Citizens filed a counterclaim for breach of contract and for money damages, to the extent that its current rental payments exceeded fair market rental value. Citizens had been continuing to pay rent at the rate set in 2000, which was higher than Mr. Goertel's appraised value. Appellants filed numerous motions, including a motion to compel production of documents relating to the Lease Abstract prepared by Citizens' counsel, and also lease agreements of comparable properties in Luzerne County which appellants claimed were used in the appraisal process. Appellants also filed a motion to serve a subpoena on a non-party, Frederick Masters, Esq., who allegedly prepared the Lease Abstract. Appellants also filed a motion for sanctions and for attorneys' fees and costs.

On June 28, 2007, the trial court granted summary judgment for Citizens Bank, finding that the Lease provides a clear and unambiguous three-step process for determining the new rental rate, and that Citizens may use Mr. Goertel as its appraiser. The trial court ordered that pursuant to the terms of the Lease, appellants shall pick an MAI appraiser who will then work with Citizens' appraiser to choose a third appraiser.

Citizens then retained Patrick Noone, MAI, who issued a similar appraisal.[1] Again, Mr. Noone relied on the Lease Abstract which appellants claim contained misinformation and failed to incorporate the material terms

---

[1] Apparently, Mr. Goertel became ill.

of the subject Lease Agreement. Appellants retained Charles Moyer, MAI, as their appraiser.

A hearing was held on January 30, 2012; apparently, the parties had still not reached agreement on a third appraiser. Appellants maintained that they had still not received a copy of the Lease Abstract, which Citizens characterized as attorney work product. (Notes of testimony, 1/30/12 at 17.) In the end, the trial court agreed that it would review the Lease Abstract *in camera*. (*Id.* at 18.) The trial court also set deadlines for the parties to select their own appraisers and for selection of the third, neutral appraiser. (*Id.* at 10.)

Another hearing was held on June 24, 2013. At that time, the parties had reached an agreement on the rent through the 2015-2020 period. (Notes of testimony, 6/24/13 at 4.) According to Citizens, the neutral appraiser agreed with appellants' appraiser, and Citizens accepted their valuation for the period from 2005-2010. (*Id.*) The parties also entered into a new Lease Agreement setting the rent for the periods 2010-2015 and 2015-2020. (*Id.*) In addition, Citizens' counterclaim for overpayment was essentially rendered moot because the fair market rental value for 2005-2010, as determined by the majority of the appraisers, was more than what Citizens had been paying in rent. (*Id.* at 5.) Citizens indicated it was withdrawing the counterclaim. (*Id.* at 8.) On June 28, 2013, Citizens filed a praecipe to discontinue its counterclaim.

On July 17, 2013, the trial court issued an order denying appellants' outstanding motions for discovery and imposition of sanctions. The trial court concluded that all claims by the parties had been disposed, and the trial court no longer had jurisdiction over the matter. (Opinion and order, 7/17/13 at 1.) The trial court also found that appellants' motion for sanctions for Attorney Masters' failure to respond to their subpoena was moot in light of the parties' settlement of the underlying lease/rental dispute. (*Id.* at 2.) Appellants filed a motion for reconsideration which was denied on August 2, 2013. This appeal followed on August 16, 2013.

First, we must address Citizens' argument that the appeal is untimely. According to Citizens, its praecipe to discontinue counterclaim filed June 28, 2013, was a final order disposing of all claims and all parties, and appellants were required to file a notice of appeal within 30 days of that date. (Citizens' brief at 10.) Therefore, appellants' appeal filed August 16, 2013, was untimely. (*Id.*)

> In order to preserve the right to appeal from an order which finally adjudicates a dispute between litigants, it is beyond question that the appeal must be filed within 30 days of the date of the order. Pa.R.A.P. 903(a). The 30-day period must be construed strictly. *Commonwealth v. Hottinger*, 370 Pa.Super. 527, 537 A.2d 1 (1987), *alloc. denied*, 520 Pa. 614, 554 A.2d 507 (1988). This Court has no jurisdiction to excuse a failure to file a timely notice. *Thermo-Guard v. Cochran*, 408 Pa.Super. 54, 596 A.2d 188 (1991). Moreover, it is well-settled that while a trial court maintains jurisdiction to reconsider an order for up to 30 days even where an appeal has been filed, Pa.R.A.P.,

> Rule 1701(b)(3), 42 Pa.C.S.A., merely filing a motion for reconsideration will not toll the appeal period. ***Luckenbaugh v. Shearer***, 362 Pa.Super. 9, 523 A.2d 399 (1987) (***en banc***), ***alloc. denied***, 518 Pa. 626, 541 A.2d 1138 (1988); ***Justice v. Justice***, 417 Pa.Super. 581, 612 A.2d 1354 (1992), ***alloc. denied***, 533 Pa. 635, 621 A.2d 581 (1993); ***Valentine v. Wroten***, 397 Pa.Super. 526, 580 A.2d 757 (1990), ***alloc. denied***, 527 Pa. 650, 593 A.2d 422 (1991).

***In re Greist***, 636 A.2d 193, 195 (Pa.Super. 1994).

> Ordinarily, an appeal may only be taken from a final order. Pa.R.A.P. 341(a). A final order is one that is intended to be final as to all parties and to the whole subject matter. ***Pace v. Thomas Jefferson University Hosp.***, 717 A.2d 539 (Pa.Super.1998); Pa.R.A.P. 341(b)(1).

***Pittsburgh Const. Co. v. Griffith***, 834 A.2d 572, 579 (Pa.Super. 2003).

"This Court has held that '[a] *praecipe* to discontinue constitutes a final judgment.'" ***Grimes v. Enterprise Leasing Co. of Philadelphia, LLC***, 66 A.3d 330, 334 (Pa.Super. 2013), ***appeal granted in part on other grounds***, 84 A.3d 1058 (Pa. 2014), quoting ***Levitt v. Patrick***, 976 A.2d 581, 587 (Pa.Super. 2009) (citation omitted).

Citizens argues that appellants' claims had been dismissed in the trial court's June 28, 2007 order granting Citizens' motion for summary judgment. When the parties agreed on new lease terms and Citizens subsequently filed a praecipe to discontinue its counterclaim, the case was over. (Citizens' brief at 11.) According to Citizens, the June 28, 2013 praecipe constituted a final order disposing of all claims/parties. (***Id.***)

We disagree, because appellants still had outstanding motions including a motion for sanctions for Attorney Masters' failure to comply with their subpoena. The trial court held a hearing on these motions on June 24, 2013. The praecipe to discontinue did not dispose of all claims. Therefore, it was not a final order, and the trial court still had jurisdiction over the matter.

However, we agree that appellants' discovery motions were moot. All of appellants' claims were dismissed on summary judgment, and the parties agreed on the fair market rental value of the property, including retroactively for the period from 2005-2010, and signed a new Lease Agreement. Since the agreed-upon back rent was more, not less, than what Citizens had been paying during the pending litigation, its counterclaim was mooted. At that point, all the substantive underlying issues in the case were resolved.

Appellants wanted to subpoena Attorney Masters to testify regarding the Lease Abstract he prepared for Mr. Goertel, Citizens' first appraiser. However, even if, as appellants alleged, the Lease Abstract contained numerous mistakes including as to square footage and 2005 rental value, the issue became moot when two of the three appraisers, including the neutral appraiser, agreed on fair market rental value and the parties executed a new Lease. Similarly, in their motion to compel discovery, appellants sought a copy of the Lease Abstract and lease agreements of

comparable properties rented by Citizens and relied upon by Mr. Goertel and Mr. Noone. Again, the parties' eventual settlement made these motions moot. The Lease Abstract used by Mr. Goertel in his appraisal report no longer had any relevance whatsoever. Two of the three appraisers reached agreement on the fair market rental value of the property, and Citizens abided by that agreement. Although appellants refused to execute a praecipe to settle and discontinue, the case is terminated. (Notes of testimony, 6/24/13 at 8.) There is nothing left to litigate. We assign no error to the trial court's denial of appellants' discovery motions.

Order affirmed.

Strassburger, J. joins in the decision.

Olson, J. concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/10/2014</u>