J-S09040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARY TOULOUMES, EXECUTRIX OF THE ESTATE OF HARRY TOULOUMES | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : : | |
| WOODS & WILDLIFE FORESTRY CONSULTANT, LLC | : : : | |
| Appellee | : | No. 271 MDA 2017 |

Appeal from the Order Entered January 13, 2017
In the Court of Common Pleas of Cumberland County
Civil Division at No(s):  2012-05709

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 28, 2018**

Appellant, Mary Touloumes, executrix of the estate of Harry Touloumes ("Decedent"), appeals from the order entered in the Cumberland County Court of Common Pleas, which denied her motion to amend the complaint.  We quash the appeal.

The relevant facts and procedural history of this case are as follows. Appellant initiated this action against Appellee, Woods & Wildlife Forestry Consultant, LLC, by writ of summons on September 14, 2012.[1]  The parties engaged in pre-complaint discovery, and on August 3, 2015, Appellant filed

_____

[1] Appellant also sued Peachey's Wood Products, LLC ("Peachey's"). Peachey's settled with Appellant and is not a party to this appeal.

_____

*  Retired Senior Judge assigned to the Superior Court.

a complaint. In her complaint, Appellant alleged, *inter alia*, Appellee's owner, Jeffrey Eason, contacted Decedent in 2007 to secure a contract to timber on Decedent's farms. On April 17, 2007, Mr. Eason presented Decedent with a Consulting Agreement.[2] Under the Consulting Agreement, Decedent and "Woods & Wildlife Forestry" agreed Mr. Eason would solicit bids to companies interested in timbering on Decedent's farms. Mr. Eason would execute the process of bidding by providing stumpage information and tours of the sale area to prospective buyers, and oversee and control the selected harvesting company according to a separate Timber Sales Agreement. Decedent would pay a fifteen percent (15%) fee for the consulting service.

Following Mr. Eason's consulting efforts, Peachey's won the bid to timber on one of Decedent's farms. On September 28, 2008, Mr. Eason presented Decedent with a Timber Sales Agreement for Decedent and Peachey's to execute.[3] Under the Timber Sales Agreement, Peachey's would pay $43,885.00 for the timber, with all checks made payable to "Woods & Wildlife Forestry." According to Appellant's complaint, Peachey's paid only a total of $25,971.25 to Woods & Wildlife Forestry; and Woods & Wildlife

---

[2] The letterhead to the Consulting Agreement is titled: "WOODS & WILDLIFE."

[3] The letterhead to the Timber Sales Agreement is titled: "Woods & Wildlife Forestry."

Forestry paid Decedent only $10,000.00. Appellant sought judgment against Appellee for money owed under the contract.

Appellee filed an answer and new matter on September 1, 2015. Appellee claimed it was not a party to the relevant contracts because the company named in the complaint did not come into existence until January 1, 2012. Appellee maintained Appellant had sued the wrong party and the statute of limitations had expired to add another defendant. Appellee filed a motion for judgment on the pleadings on November 4, 2015, based on the same claim. The court did not rule on Appellee's motion for judgment on the pleadings.

On December 9, 2016, Appellant filed a motion to amend the complaint to substitute Jeffrey Eason t/d/b/a Woods & Wildlife Forestry Consultant as the proper defendant in this case instead of Appellee. Appellant claimed Mr. Eason was personally involved in the relevant transactions in this matter and admitted liability during depositions. Appellee responded to Appellant's motion on January 5, 2017, insisting that at the time of the relevant contracts, Mr. Eason was operating as a sole proprietorship. Appellee claimed Appellant should have known the LLC was not in existence at the time of the contracts because the relevant documents did not contain the "LLC" designation.

On January 13, 2017, the court denied Appellant's motion to amend the complaint. Appellant filed a motion for reconsideration on January 30,

2017, and a notice of appeal on February 7, 2017. On February 9, 2017, the court denied Appellant's motion for reconsideration. The court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

On February 28, 2017, this Court issued a rule to show cause why the appeal should not be quashed as interlocutory. Appellant responded on March 10, 2017, claiming the appeal was proper under Pa.R.A.P. 313 (governing collateral orders) because: (1) the order on appeal involves the denial of a motion to amend the designation of Appellee's name from a company to an individual, whereas the underlying claim involves breach of contract claims; (2) if the appeal does not proceed, Appellant will be forced to prepare for a trial and litigate a claim she will ultimately lose due to the inaccurate designation of the defendant in this matter; additionally, any damages due to Appellant would be delayed by the time and expense of trial and the appeal process; and (3) the consequence of the court's order effectively puts Appellant "out of court"; Appellant admits she can continue the litigation but insists she will unquestionably lose because Appellee was not in existence as a company at the time of execution of the contracts. On March 17, 2017, this Court discharged the rule to show cause and deferred the issue to the merits panel.

Appellant raises the following issue for our review:

> DID THE TRIAL COURT COMMIT AN ERROR OF LAW OR ABUSE ITS DISCRETION BY DENYING [APPELLANT'S]

MOTION TO AMEND COMPLAINT FOR DESIGNATION OF DEFENDANT'S NAME PURSUANT TO PA.R.C.P. § 1033?

(Appellant's Brief at 4).

As a preliminary matter, "the appealability of an order directly implicates the jurisdiction of the court asked to review the order." ***Estate of Considine v. Wachovia Bank***, 966 A.2d 1148, 1151 (Pa.Super. 2009). Pennsylvania law makes clear:

> [A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

***Stahl v. Redcay***, 897 A.2d 478, 485 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007). A final order is one that disposes of all the parties and all the claims; or is entered as a final order pursuant to the trial court's determination under Rule 341(c). ***See*** Pa.R.A.P. 341(b)(1), (3). Generally, an order denying or granting a party's request to amend the pleadings is interlocutory and not immediately appealable. ***Ferraro v. McCarthy-Pascuzzo***, 777 A.2d 1128, 1131 n.2 (Pa.Super. 2001) (explaining appellants could not immediately appeal denial of motion to amend complaint to substitute different party as defendant because order denying motion to amend complaint was interlocutory; appellants properly challenged order denying motion to amend complaint in appeal from final order granting summary judgment in favor of appellee).

A collateral order is defined in Rule 313 as follows:

### Rule 313.  Collateral Orders

\* \* \*

**(b) Definition.**  A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b).  Our Supreme Court has explained:

[T]he collateral order doctrine is a specialized practical application of the general rule that only final orders are appealable as of right.  Thus, Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule.

*Melvin v. Doe*, 575 Pa. 264, 272, 836 A.2d 42, 46-47 (2003).  "To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral." *Id.* at 272, 836 A.2d at 47.

"With regard to the first prong of the collateral order doctrine, an order is separable from the main cause of action if it is entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute." *K.C. v. L.A.*, 633 Pa. 722, 729, 128 A.3d 774, 778 (2015) (internal citation and quotation marks omitted).  "The first part of the collateral order test is not satisfied when the trial court denies a [motion] to amend a complaint, as the complaint is the precise vehicle to state a cause of action and related theories of recovery." *Pace v.*

***Thomas Jefferson University Hosp.***, 717 A.2d 539, 541 (Pa.Super. 1998) (holding order denying leave to amend complaint did not qualify as collateral order under Rule 313; rather, Rule 312, governing interlocutory appeals by permission, provides only means by which order denying leave to amend complaint may be appealed prior to entry of final order).

Instantly, the order denying Appellant's motion to amend the complaint is not a "final" order under Rule 341 because it does not dispose of the underlying breach of contract claims. **See** Pa.R.A.P. 341(b)(1); ***Ferraro, supra***. The court has yet to rule on Appellee's outstanding motion for judgment on the pleadings. If the court grants Appellee's motion, that order will be a final order and Appellant can timely appeal to challenge the court's denial of her motion to amend the complaint. **See id.** Further, the order denying Appellant's motion to amend the complaint is not entirely distinct from the main cause of action because the complaint is the vehicle in which Appellant asserts her cause of action against the defendant. **See Pace, supra**. Additionally, Appellant will not necessarily have to proceed through a trial before having an opportunity to appeal. Thus, the order on appeal fails the collateral order doctrine.[4] **See** Pa.R.A.P. 313(b); **K.C.,**

---

[4] Appellant makes no argument that the order appealed from was expressly entered as final by the trial court. **See** Pa.R.A.P. 341(b)(3), (c). Likewise, Appellant does not qualify the order on appeal as interlocutory as of right (**see** Pa.R.A.P. 311) and did not seek to appeal by permission (**see** Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)).

*supra*; *Pace, supra*.   Accordingly, we decline to address Appellant's claim on the merits at this time and quash the appeal.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/28/2018