IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Violante, Individually and as
the Administrator of the Estate of
Michael Violante

          v.

Joseph C. Bambera, Bishop of the
Diocese of Scranton and Trustee for
St. John the Evangelist Parish T/D/B/A
The Care and Concern Free Health
Clinic, John Callahan, D.O.,

          Appellants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No.  339 C.D. 2019

Argued:  December 12, 2019


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH              FILED:  January 9, 2020


       Joseph C. Bambera, Bishop of the Diocese of Scranton and Trustee for St. John the Evangelist Parish, temporarily doing business as the Care and Concern Free Health Clinic, and John Callahan D.O. (collectively, Appellants) purport to appeal from the November 16, 2018 order of the Luzerne County Court of Common Pleas (trial court).  In this order, the trial court denied Appellants' motion to amend their answer to the complaint filed by Anthony Violante, individually and as the Administrator of the Estate of Michael Violante (Violante), to add new matter and affirmative defenses.

On October 24, 2017, Violante commenced a wrongful death and survival action sounding in medical malpractice, along with theories of vicarious liability and corporate negligence, in connection with medical treatment that Michael Violante received at Appellant Care and Concern Free Health Clinic. Violante filed an amended complaint on May 10, 2018, and Appellants filed an answer on May 15, 2018.

The parties proceeded to the discovery phase. Following the deposition of Appellant Callahan, Appellants filed a motion on October 5, 2018, requesting leave of court to amend their answer to include a new matter that would assert various affirmative defenses, including the statute of limitations. The parties filed briefs in support of their respective positions, and the trial court entertained oral argument on the motion. On November 16, 2018, the trial court denied Appellants' motion to amend, concluding, in essence, that it was filed in an untimely manner.

Thereafter, Appellants filed a notice of appeal to the Superior Court.[1] By order dated March 25, 2019, the Superior Court transferred the appeal to this Court because Appellant Care and Concern Free Health Clinic, a non-profit corporation, was named as a defendant in the complaint.

On April 17, 2019, this Court entered a *per curiam* order, observing that the trial court's November 16, 2018 order did not appear to be a final order and directing the parties to address the appealability of the order in their principal briefs on the merits.

In their brief, Appellants contend that while the trial court's November 16, 2018 order was not a final order in the technical sense, it was nonetheless

---

[1] The trial court and Appellants have utilized and complied with the procedure of Pa.R.A.P. 1925.

immediately appealable. For support, Appellants cite, *inter alia*, *Posternack v. American Casualty Company of Reading*, 218 A.2d 350 (Pa. 1966), and *Horowitz v. Universal Underwriters Insurance Co.*, 580 A.2d 395 (Pa. Super. 1990).

As has been stated, "[t]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Commonwealth v. Sabula*, 46 A.3d 1287, 1290 (Pa. Super. 2012). As such, by legislative and judicial mandate, this Court is required to determine whether the order appealed from is appealable, and the appealability of a trial court's order is a question of law subject to our plenary review. *In re First Baptist Church of Spring Mill*, 22 A.3d 1091, 1094-95 (Pa. Cmwlth. 2011); *Robinson v. City of Philadelphia*, 706 A.2d 1295, 1297 (Pa. Cmwlth. 1998).

Generally, an appellate court's jurisdiction extends only to review of a final order. Pa.R.A.P. 341(a); *In re First Baptist Church*, 22 A.3d at 1095. A final order is any order that: (1) disposes of all claims and all parties or (2) is certified as a final order by the trial court or other reviewing body. *See* Pa.R.A.P. 341(b); *Rae v. Pennsylvania Funeral Directors Association*, 977 A.2d 1121, 1125 (Pa. 2009). However, an appeal may also be taken as of right from an interlocutory order that satisfies the collateral order doctrine. *See Pittsburgh Action Against Rape v. Department of Public Welfare*, 120 A.3d 1078, 1082 (Pa. Cmwlth. 2015). An order is appealable as a collateral order if: (1) the order is separable from the main cause of action; (2) the right involved is too important to be denied review; and (3) the claim would be irreparably lost should review be denied. *See* Pa.R.A.P. 313(b); *Ben v. Schwartz*, 729 A.2d 547, 550 (Pa. 1999). Importantly, each prong of the collateral order doctrine must be satisfied before an order may be considered appealable. *Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003).

3

In *Horowitz*, a case that was issued in 1990, the Superior Court assimilated the then-extant case law on the appealability of an order denying a motion to amend an answer to add an affirmative defense, including the Supreme Court's 1966 decision in *Posternack* and this Court's 1986 decision in *James A. Mann, Inc. v. Upper Darby School District*, 513 A.2d 528 (Pa. Cmwlth. 1986). The Superior Court summarized the prevailing rule that was in effect at the time of its opinion as follows:

> In general, orders which deny or grant a party's request to amend the pleadings are interlocutory and, therefore, not immediately appealable. However, an order which denies a party's request to amend an answer to plead an affirmative defense is considered final and is, therefore, immediately appealable. This is so because denial of a motion to amend to plead an affirmative defense precludes the introduction of proof at trial of what might constitute a complete defense, effectively putting the pleading party "out of court."

*Horowitz*, 580 A.2d at 397 (internal citations omitted). Applying these precepts, the *Horowitz* court concluded that an order denying a motion to amend an answer to plead the statute of limitations as an affirmative defense was final and appealable "because a statute of limitations defense may control the outcome of an entire case." *Id.*

However, Pa.R.A.P. 341, relating to "final orders," was amended by our Supreme Court in 1992 and effectively abrogated the case law upon which Appellants rely. *See Pace v. Thomas Jefferson University Hospital*, 717 A.2d 539, 540-41 (Pa. Super. 1998); *Borough of Mifflinburg v. Heim*, 705 A.2d 456 (Pa. Super. 1997); *see also Darlington, et. al,* 20 Pennsylvania Appellate Practice §312.10, 20B Pennsylvania Appellate Practice, at App. F. §§341:101, 341:102, 341:117 (2018-2019 ed.). The Official Note accompanying the amended version of Pa.R.A.P. 341 explained that

4

[t]he 1992 amendment generally eliminates appeals as of right under Pa.R.A.P. 341 from orders not ending the litigation as to all claims and as to all parties. Formerly, there was case law that orders not ending the litigation as to all claims and all parties are final orders if such orders have the practical consequence of putting a litigant out of court.

Pa.R.A.P. 341, Note.

In addition, the Official Note provided "a partial list of orders that [were] no longer appealable as final orders pursuant to [Pa.R.A.P.] 341," specifically including "an order denying a defendant leave to amend his answer to plead an affirmative defense." *Borough of Mifflinburg*, 705 A.2d at 462 (quoting Pa.R.A.P. 341, Note).[2] Nonetheless, the Official Note left open the possibility that such an order could be appealable as a collateral order if the necessary requisites were satisfied. *See Borough of Mifflinburg*, 705 A.2d at 462; *Darlington, supra*, App. F, §341:117.[3]

---

[2] Apparently, in 2005, when our Supreme Court effectuated another amendment to Pa.R.A.P. 341, it added discussion on the rule in the Official Note. The Supreme Court also deleted the "partial list of orders" as well as a significant portion of other commentary to the rule. *See In re: Order Amending Rule 311, 341 and 904 of the Pennsylvania Rules of Appellate Procedure* (Pa., Docket No. 258, filed December 14, 2015) (*per curiam*). We, however, do not view the alteration as evidencing an intent to restore an order denying amendment to add an affirmative defense to the status of a final order. Our conclusion is based on the fact that the Official Note, to date, retains the language and principle, reproduced above, discrediting the prior case law that concluded that a final order exists when it effectively puts a litigant out of court. *See Darlington, supra*, App. F, §§341:101 ("Under practice as it existed before the 1992 amendments to [Pa.R.A.P.] 341, an order was deemed final for purposes of appeal if it contained a 'final aspect' (such as the dismissal of one claim or one party in multi-claim, multi-party litigation), regardless of the status of other aspects of the litigation."); 341:102 ("The 'final aspect' rule that governed practice as it existed before the 1992 amendments to [Pa.R.A.P.] 341 treated . . . numerous orders that did not dispose of an entire case [as] appealable . . . . By contrast, the post-July 6, 1992 version of [Pa.R.A.P.] 341 limits appeal to those orders that essentially dispose of an entire case[.]").

[3] In determining whether an order satisfies the three-prong test for a collateral order, this Court must remain "cognizant that our precedent strongly cautions against permitting the collateral **(Footnote continued on next page…)**

5

In *Borough of Mifflinburg*, the appellant argued, *inter alia*, that a court of common pleas erred in denying his motion to amend the pleadings to assert a counterclaim and affirmative defense. Noting that the denial of a party's request to amend an answer to plead an affirmative defense was once considered a final order under the case law of this Commonwealth, the Superior Court recognized that the 1992 amendment to Pa.R.A.P. 341 had a superseding effect that displaced this case law. Consequently, the Superior Court concluded that, under the then new version of Pa.R.A.P. 341, "the order which denied appellant's petition to amend the pleadings was interlocutory." *Borough of Mifflinburg*, 705 A.2d at 462. Without engaging in a discussion of the collateral order doctrine, the Superior Court determined that the order denying amendment to an answer to add an affirmative defense could only be reviewed via an application for grant of permissive interim appellate review pursuant to Pa.R.A.P. 312 and Chapter 13 of the Pennsylvania Appellate Rules of Procedure, Pa.R.A.P. 1301-1323.

Similarly, in *Pace*, the plaintiffs/appellants appealed from an order of a court of common pleas denying their motion to amend their complaint to add an alternative cause of action. The Superior Court acknowledged the Official Comment to the amended version of Pa.R.A.P. 341 and noted that, just like "an order denying a defendant leave to amend his answer to plead an affirmative defense," "an order denying a petition to amend a complaint" was included within the "partial list of orders that [were] no longer appealable as final orders pursuant to [Pa.R.A.P.] 341." *Pace*, 717 A.2d at 540-41 (quoting Pa.R.A.P. 341, Note). Applying the collateral

---

**(continued…)**

order doctrine to become an exception which swallows, in whole or in any substantial part, the final order rule." *Rae*, 977 A.2d at 1126.

order doctrine, the court in *Pace* first determined that "the proposed amendment is directly related to appellants' main cause of action as an alternative theory of recovery" and, therefore, "the order denying appellants leave to amend their complaint . . . does not satisfy the first prerequisite of a collateral order." *Pace*, 717 A.2d at 541. Next, the Superior Court concluded:

> Moreover, the collateral order doctrine also requires the question presented to be of such urgency that, if review is postponed until final judgment in the case, the claim will be irreparably lost. Here, appellants cannot maintain that the proposed claim will be irreparably lost if review of the court's order denying appellants leave to amend their complaint is postponed until completion of the litigation. Rather, on appeal from the final order and judgment, appellants can ask this Court to review the propriety of the order at issue and seek an appropriate remedy at that time. Although appellants may suffer inconvenience by virtue of postponed review, inconvenience alone does not constitute irreparable loss of the proposed claim in this case.

*Id.* (citation omitted).

After concluding that "an order denying leave to amend a complaint to add an alternative theory of recovery does not qualify as a collateral order," *id.* at 541-52, the Superior Court, citing and relying on *Borough of Mifflinburg*, further held that Pa.R.A.P. 312, "governing interlocutory appeals by permission, provides the only means by which this order [could have been] appealed prior to the entry of a final order." *Pace*, 717 A.2d at 541. Therefore, the court in *Pace* granted the appellees' motion to quash the appeal as interlocutory and unappealable.

Here, Appellants filed their motion to amend on October 5, 2018, shortly after they discovered evidence during the deposition of Appellant Callahan in late September 2018. More specifically, as Appellants alleged before the trial court and in their appellate brief, during the deposition, they "had learned [] that Violante was

7

not appointed as the Administrator of the [Estate] until August 14, 2018, after the statute of limitations for a survival action had run." (Appellants' br. at 5.) Appellants assert that they ascertained this fact "despite Violante's representations to the [trial court], in his [c]omplaint, [a]mended [c]omplaint, and to [Appellants] in his [r]esponses to [i]nterrogatories, that an estate was opened for [Michael Violante] and that [Anthony] Violante was the Administrator." *Id.* The trial court denied Appellants' motion as untimely filed. While an order denying amendment of an answer to include affirmative offenses was previously viewed by the courts as a final order, as discussed above, the 1992 amendment to Pa.R.A.P. 341 had abrogated this decisional law. As such, the dispositive issue, for present purposes, is whether such an order qualifies as an appealable collateral order.

"In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018). Upon consideration, we find that the case law of our sister court in *Borough of Mifflinburg* and *Pace* is well-reasoned and constitutes a faithful and correct application of Pa.R.A.P. 341, as it currently stands, as well as the collateral order doctrine. Applying the rationale of those decisions here, we conclude that Appellants have filed an appeal from an interlocutory order that is unappealable. In reaching this conclusion, we realize that Appellants will have to await an adverse, final order disposing of Violante's claims to appeal the issue of whether the trial court erred in denying their motion to amend. Although this could potentially result in delay and prolonged—and perhaps additional—proceedings in ultimately resolving the case, "inconvenience alone does not constitute irreparable loss of the proposed claim[.]" *Pace*, 717 A.2d at 541; *accord Becker v. Department of Environmental Protection*

8

(Pa. Cmwlth., No. 401 C.D. 2016, filed December 19, 2016) (unreported), slip op at 6;[4] *Morgan Trailer Manufacturing Co. v. Hydraroll, Ltd.*, 804 A.2d 26, 31 (Pa. Super. 2002); *see Melvin*, 836 A.2d at 47 (stating that "each prong of the collateral order doctrine must be clearly present before an order may be considered collateral").

Accordingly, and for the above-stated reasons, we are constrained to quash the appeal as interlocutory and unappealable.

_____
PATRICIA A. McCULLOUGH, Judge

---

[4] We cite *Becker*, an unreported panel decision, for its persuasive value in accordance with section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).  In that case, a panel of this Court concluded that an order denying a petition to reopen the record to introduce new evidence prior to a final adjudication from the Environmental Hearing Board failed the last prong of the collateral order doctrine.  In rejecting the petitioner's argument that the order should be "immediately appealable because waiting to raise the issue in a later appeal of a decision rendered in the absence of the alleged newly-discovered evidence [was] a waste of judicial resources," we reiterated that "inconvenience or inefficiency alone does not constitute irreparable loss." *Becker*, slip op. at 6.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Violante, Individually and as
the Administrator of the Estate of
Michael Violante

v.

Joseph C. Bambera, Bishop of the
Diocese of Scranton and Trustee for
St. John the Evangelist Parish T/D/B/A
The Care and Concern Free Health
Clinic, John Callahan, D.O.,

Appellants

:
:
:
:
:  No. 339 C.D. 2019
:
:
:
:
:
:
:
:
:
:
:

## *ORDER*

AND NOW, this 9th day of January, 2020, because the appeal of Joseph C. Bambera, Bishop of the Diocese of Scranton and Trustee for St. John the Evangelist Parish, temporarily doing business as the Care and Concern Free Health Clinic, and John Callahan D.O., is an appeal from an interlocutory order, the above-captioned matter is hereby QUASHED.

_____
PATRICIA A. McCULLOUGH, Judge