J-S08031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL WEIGNER AND JESSICA WEIGNER, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPELLANTS | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZHEN ZHEN LAN AND XIANG LEE | : | |
| | : | No. 2683 EDA 2018 |

Appeal from the Order Entered August 30, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2017-01734

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 04, 2019**

Daniel Weigner and Jessica Weigner[1] appeal from the order granting summary judgment in favor of Zhen Zhen Lan ("Lan") and her husband, Xiang Lee ("Lee"), and dismissing the Weigners' complaint with prejudice.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On July 21, 2016, the Weigners commenced the instant action via a writ of summons in the Court of Common Pleas of Philadelphia County naming Lan and Lee as the defendants.  On November 9, 2016, the Weigners filed a civil complaint in the

---

[1] Daniel Weigner and his then wife, Jessica Weigner, filed the complaint in the instant action.  The Weigners have since divorced.  In any event, for the ease of discussion, where appropriate, we shall continue to refer to the Weigners collectively.

---

*   Former Justice specially assigned to the Superior Court.

Court of Common Pleas of Philadelphia County naming Lan and Lee as the defendants. In the complaint, the Weigners relevantly averred the following:

5. On or about July 22, 2014[,] at or about 2:30 p.m., plaintiff, Daniel Weigner, was the owner/operator of a motor vehicle which was stopped in traffic on the Pennsylvania Turnpike West near the Virginia Drive Exit Ramp.

6. On the aforesaid date and time[,] defendant, Zhen Zhen Lan[,] was the owner of a motor vehicle which was operated by defendant, Xiang Lee[,] which was traveling on the Pennsylvania Turnpike West near the Virginia Drive Exit Ramp.

7. The motor vehicle operated by the defendant was so negligently operated as to cause it to come into violent collision with the rearend [*sic*] of plaintiff's motor vehicle, as a result whereof said plaintiff sustained injuries hereinafter more particularly set forth.

Weigners' Civil Complaint, filed 11/9/16, at 1 ¶¶ 5-7.

In Count I, the Weigners asserted a claim of negligence and relevantly indicated:

9. The negligence of the defendants, consisted of but is not limited to the following, that they:

(a) did fail to have the said motor vehicle under proper and adequate control at the time;

(b) did operate the said motor vehicle without due regard for the rights, safety, and position of the said plaintiff;

(c) did fail to exercise care and vigilance in the operation of the said motor vehicle so as to avoid injuring the plaintiff who was then and there lawfully upon the said highway;

(d) did operate said motor vehicle in an otherwise careless and negligent manner.

*Id.* at 2 ¶ 9.[2]  The Weigners asserted that Mr. Weigner suffered severe back injuries in the accident.  In Count II, the Weigners asserted against Lan and Lee a claim of loss of consortium on behalf of Mrs. Weigner.

Lan filed preliminary objections claiming venue was improper, and by order entered on December 8, 2016, the Court of Common Pleas of Philadelphia County sustained the preliminary objections and transferred the case to the Court of Common Pleas of Montgomery County.

On February 14, 2017, counsel filed an answer with new matter on behalf of Lan. Therein, Lan admitted that she was the owner of the vehicle involved in the accident with Mr. Weigner; however, she "specifically denied that defendant Xiang Lee was the driver of the vehicle involved.  By way of further answer, Xu Le was driving defendant Lan's vehicle at the time of the accident."  Lan's Answer with New Matter, filed 2/14/17, at 1-2 ¶ 6.

On April 19, 2017, the Weigners filed a petition to amend the caption of their complaint.  Therein, the Weigners relevantly asserted the following:

> 4. In the Complaint, plaintiffs identified defendant, Zhen Zhen Lan, as [the] owner of the vehicle and Xiang Lee as the driver of the vehicle.
> 5. This information was provided by defendant, Lee, at the time of the accident.

---

[2] The Weigners labeled this claim in their complaint as "Count I-Daniel Weigner vs. Lisa Jean White."  *Id.* at 1.  There is no dispute that no person named "Lisa Jean White" is involved in this lawsuit.  The trial court determined the name "Lisa Jean White" was a typographical error.  Trial Court Opinion, filed 11/8/18, at 2 n.1.

6. At the time, it was represented that Zhen Zhen Lan and Xiang Lee were husband and wife.

7. Defendants filed their Answer and New Matter on February 14, 2017, and alleged that the vehicle was being driven by Xiang Lee where, in fact, the name of the drive[r] was Xu Le.

8. Upon knowledge, information and belief, it is averred that Zhen Zhen Lan and Xu Le are in fact, husband and wife, and reside at the same address[.]

9. Thus, although the proper parties were in fact named as defendants in the Complaint, the name of the driver, Xu Le, was incorrectly called Xiang Lee, in the Complaint.

10.  Both defendants were served with the Complaint and counsel has entered her appearance for both defendants and answered the Complaint.

Weigners' Petition to Amend, filed 4/19/17, at 1-2 ¶¶ 4-10.

Moreover, in their supporting memorandum, the Weigners indicated that the vehicle was "owned by defendant, Zhen Zhen Lan and was being driven by her husband who was incorrectly identified as Xiang Lee."  Weigners' Memorandum in Support of Petition to Amend, filed 4/19/17, at 1.  The Weigners requested they be permitted to "amend the caption of Ms. Lan's husband, Xu Le[.]"  *Id.*  The Weigners argued "there is no prejudice as Mr. Le was served with the Complaint and counsel is representing his interests as well as those of his wife."  *Id.* at 4.  Accordingly, the Weigners requested the trial court permit them to amend the caption of their complaint to substitute the correct name of "Xu Le" for the incorrect name of "Xiang Lee."  *See id.*

On May 3, 2017, Lan filed a reply to the Weigners' petition to amend the caption of their complaint.  Therein, Lan specifically denied that the driver of Lan's vehicle on the date in question identified himself as "Xiang Lee;" but

rather, the driver properly identified himself as "Xu Le." Lan admitted that she is married to Xiang Lee; however, she noted that, in her answer to the complaint, she specifically denied that Xiang Lee was the driver of her vehicle at the time of the incident and, instead, she specifically named Xu Le as the driver.

Lan clarified that "Xu Le is an entirely different individual than Xiang Lee. Xu Le is a cousin of defendant Lan." Lan's Reply, filed 5/3/17, at 2. Moreover, she averred that she was the only party properly served with the Weigners' complaint and an answer had been filed on her behalf only. She argued the Weigners are "seeking to substitute a separate and distinct party; Xu Le for Xiang Lee." *Id.* Lan requested the trial court deny the proposed amendment as the statute of limitations had expired.

Thereafter, Lan filed a supplemental reply to the Weigners' petition to amend the caption of their complaint. Therein, Lan indicated that, during discovery, she was provided with two recorded statements that Mr. Weigner had made to her insurance company, Progressive Insurance ("Progressive"). Lan attached the recorded statements as exhibits to her supplemental reply.[3]

_____

[3] In the first recorded statement, which was given approximately twenty minutes after the accident, Mr. Weigner informed the insurance agent that the driver of the other vehicle "told me he is the cousin of the person that owns the car[.]" Lan's Supplemental Reply, filed 10/20/17, Exhibit A. He further told the agent "[t]here's two different names on the policy. He said that he was not the owner of the car and he didn't hold the policy. He was the cousin of whoever insured the car." *Id.* Mr. Weigner informed the agent that he did

Based on Mr. Weigner's statements, Lan argued the Weigners were "well aware that the policyholders, Zhen Zhen Lan and Xiang Lee, were not the drivers of the vehicle involved in the accident with him." Lan's Supplemental Reply, filed 10/20/17, at 2.

Lan argued that, despite having this information "long before the statute of limitations ran," the Weigners filed a complaint naming only the policyholders and not the driver. Thus, Lan argued the Weigners should not be permitted to amend the caption of their complaint to include Xu Le, the driver. *Id.*

On June 23, 2017, the Weigners entered a default judgment against Xiang Lee on the basis that he had been served with the complaint but failed to file an answer. On June 26, 2017, Lee filed an answer with new matter. Therein, Lee "specifically denied that defendant Xiang Lee was the driver of the vehicle involved. By way of further answer, Xu Le was driving defendant Lan's vehicle at the time of the accident." Lee's Answer with New Matter, filed 6/26/17, at 2 ¶ 7. Lee then filed a motion to open the default judgment, which the trial court granted.

---

not have the name of the person that was driving the car, but he had the two names of the people listed on the insurance policy: Zhen Zhen Lan and Xiang Lee. *Id.* In a subsequent recorded statement to the insurance company, Mr. Weigner informed the agent that the driver was "shady" about the accident and "[a]pparently, he was the cousin of the actual insured person on the vehicle." Lan's Supplemental Reply, filed 10/20/17, Exhibit B.

On July 20, 2017, the trial court heard oral argument with regard to the Weigners' petition to amend the caption of their complaint, and the matter was held under advisement pending discovery as to the identity of the driver of the vehicle that struck Mr. Weigner's vehicle.

Subsequently, Mr. Weigner gave a deposition in which he testified that he was in "bumper to bumper traffic" when his Nissan Altima was hit from behind by a Toyota. Daniel Weigner's Deposition, dated 2/2/18, at 50. Mr. Weigner indicated the driver of the Toyota was an Asian male. *Id.* at 52. Mr. Weigner testified he asked the Asian male for the Toyota's insurance information, and the Asian male gave him an insurance card. *Id.* at 57. Mr. Weigner took a photo of the insurance card, but then realized that the type of vehicle listed on the insurance card was not a Toyota. *Id.* Mr. Weigner did not take notice of the name listed on the insurance card. *Id.* at 73.

Mr. Weigner indicated he again asked the Asian male for the Toyota's insurance card, and he provided it to him. *Id.* at 58-59. Mr. Weigner took a photo of the Toyota's Progressive insurance card and deleted the other photo. *Id.* at 58-60. Mr. Weigner testified he never asked the Asian male driver for his name or his driver's license; he indicated that the Asian male did not speak English well. *Id.* at 57-59. Mr. Weigner testified the Asian male never informed him that he was driving someone else's car; however, he admitted that "[w]hen he handed me the [second] insurance card he just pointed to the card and said cousin." *Id.* at 59.

Mr. Weigner admitted that, within twenty minutes of the accident, he gave a recorded statement to a Progressive insurance agent. The following relevant exchange occurred during Mr. Weigner's deposition regarding the recorded statement:

> **Q.** Question, his vehicle; was it driveable? Answer, his car was driveable and so is mine. Um, he—he told me that he is a cousin of the person that owns the car and he asked me not to—you know, he basically asked me not to report it. But uh, you know, I feel like it's, you know, it's my right to report it so that's [crosstalk].
>
> Did I read that correctly?
>
> **[MR. WEIGNER].** Uh-huh.
>
> **Q.** Yes?
>
> **[MR. WEIGNER].** Yes.
>
> **Q.** Okay. So at that point you had told Progressive that the person driving was the cousin of the person that owned the car?
>
> **[MR. WEIGNER].** Yeah, so again, with the confusion of the accident at the time he handed me his insurance card and said something about his cousin. So I wouldn't know why he would tell me that if he wasn't somehow related to the person, I guess, that owned or insured the car.
>
> **Q.** Okay. Question, so the name of the person that you gave me Zhen Zhen was not driving. Zhen is the owner of the vehicle. Answer, no, what, whoever, yes, that's the person on the policy. There's two different names on the policy. He said that he was not the owner of the car and he didn't hold the policy. He was the cousin of whoever insured the car and I….
>
> Did I read that correctly?
>
> **[MR. WEIGNER].** Yes.

*Id.* at 65-66.

Mr. Weigner further admitted that, a few days after the accident, he gave a second recorded statement to Progressive. The following relevant

exchange occurred during Mr. Weigner's deposition regarding the second recorded statement:

> **Q.** So I'm just going to draw your attention to Page 13. I'm going to go down to 545, okay.
>
> **[MR. WEIGNER].** 545?
>
> **Q.** It's toward the bottom. Answer, he was to be honest. He was very shady about the accident. He didn't want me to report it. Question, yeah. Answer, he didn't want me to give me his insurance information. He tried to give me false information for a different vehicle. Question, oh, boy. Answer, but I mean that's not—that's not your—that's not Progressive's fault. That's just, you know, the driver. Apparently, he was the cousin of the actual insured person on the vehicle.
>
> Did I read that correctly?
>
> **[MR. WEIGNER].** Yes.
>
> ***
>
> **Q.** Going to line—or I'm sorry, Page 15 so it's the following page, Line 601. Question, oh, crazy, then. Well, good news is there's coverage. Answer, yeah. Question, you know, they have an active policy with us. Answer, yeah. Question, um, [inaudible] policy. So you know I did get ahold of the policyholder and he was just borrowing the vehicle. So we just need to get ahold of him to go over everything and we will be good to go. Answer, oh, okay. Question, [crosstalk] issues. Answer, so you said that the person that has the vehicle insured they know about it and they know it happened? Question, they do. Answer, they just hadn't been able to get ahold of his cousin or whatever. Question, exactly, yep, that's right. Answer, okay. Question, and he does. Answer, okay. Question, he speaks Mandarin so I have, you know—answer, okay. Question, I'll be getting ahold of him with a translator. Answer, okay.
>
> Did I read that correctly?
>
> **[MR. WEIGNER].** Uh-huh, yes.

*Id.* at 74-77.

At the conclusion of Mr. Weigner's deposition, counsel presented him with Xiang Lee. Counsel asked Mr. Weigner whether he recognized Xiang Lee and, more particularly, whether he was the driver of the vehicle involved in the accident. Mr. Weigner initially replied, "No," *Id.* at 111, and then "I don't know. No, I would say no." *Id.*

Xu Le[4] gave a deposition in which he indicated that Lan is his cousin, Xiang Lee is Lan's husband, and on the day of the accident, he was driving Lan's Toyota. *See* Xu Le's Deposition, dated 2/2/18, at 5, 16, 19. He testified that, after the accident, he gave Mr. Weigner his "cousin's insurance information and [his] license." *Id.* at 15. After the accident, he informed his cousin, Lan, about it. *Id.* at 16.

Following discovery, the trial court again heard oral argument regarding the Weigners' petition to amend the caption of their complaint, and by order entered on May 9, 2018, the trial court denied the petition. The Weigners filed a motion for reconsideration, which the trial court denied.

On June 8, 2018, Lan and Lee filed a motion for summary judgment. Therein, Lan and Lee argued that there is no factual dispute that Lan's cousin, Xu Le, was the driver of the Toyota, which struck Mr. Weigner's vehicle. Further, they argued Xu Le was not properly named as a defendant in the

---

[4] The deposition lists "Xu Le" as "Xu Li." For the sake of consistency, we shall continue to refer to the driver as "Xu Le." We note that Xu Le testified during his deposition with the aid of a Mandarin translator.

- 10 -

Weigners' complaint, and the trial court denied the Weigners' petition to amend the caption of their complaint to include Xu Le. Moreover, they argued all claims raised in the Weigners' complaint related to the alleged negligent driving of the Toyota, and there were "no allegations of agency, vicarious liability or negligent entrustment in [the Weigners'] complaint." Lan and Lee's Motion for Summary Judgment, filed 6/8/18, at 2. According, they averred there were no viable causes of action against them such that they were entitled to summary judgment as a matter of law.

On July 9, 2018, the Weigners filed an answer to the motion for summary judgment. Therein, the Weigners averred there is a factual dispute as to whether the driver of the vehicle was Xu Le or Xiang Lee. In their supporting memorandum, they averred that "Xu Le" may be another name for "Xiang Lee." Further, the Weigners averred that the Asian male driver, consciously or not, misidentified himself to Mr. Weigner.

By order entered on August 30, 2018, the trial court granted Lan and Lee's motion for summary judgment and dismissed the Weigners' complaint with prejudice. This timely appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

Initially, we note:

[i]n reviewing a grant of summary judgment, an appellate court may disturb the order of the trial court only where there has been an error of law or manifest abuse of discretion. Nevertheless, the scope of review is plenary; the appellate court shall apply the same standard for summary judgment as the trial court....

- 11 -

The record is to be viewed in the light most favorable to the nonmoving party, and all doubts as to the presence of a genuine issue of material fact must be resolved against the moving party.

***Albright v. Abington Memorial Hospital***, 548 Pa. 268, 696 A.2d 1159, 1165 (1997).

On appeal, the Weigners contend the trial court erred in denying their petition to amend the caption of their complaint. Specifically, the Weigners contend that their proposed amendment properly sought to correct a party's name, *i.e.*, correct the name "Xiang Lee" to "Xu Le." Further, they contend that, to the extent their proposed amendment sought to add a new party, as opposed to merely correct a party name, Xu Le misled Mr. Weigner by providing incorrect information regarding his identity such that Xu Le should not be permitted to avoid liability on this basis.

"The decision of the trial [c]ourt to deny a [petition] to amend a complaint is within the sound discretion of the trial court, and the trial court's determination will not be disturbed absent an abuse of that discretion." ***Ferraro v. McCarthy–Pascuzzo***, 777 A.2d 1128, 1132 (Pa.Super. 2001). Pennsylvania Rule of Civil Procedure 1033 governs the amendment of captions and provides in relevant part: "A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading." Amendment pursuant to Rule 1033 should be liberally granted at any stage of the proceedings unless there

is an error of law or resulting prejudice to an adverse party. *Piehl v. City of Philadelphia*, 604 Pa. 658, 987 A.2d 146, 154 (2009).

Our Supreme Court has set forth the general rules for attempts to amend a pleading where, as in the present case, amendment is sought after the statute of limitations has run.[5]  Specifically, as this Court has previously recognized, the Supreme Court has held:

> Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party or change the capacity in which he is sued.  If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party, it will be refused.

*Blaine v. York Financial Corp.*, 847 A.2d 727, 729 (Pa.Super. 2004) (quoting *Girardi v. Laquin Lumber Co.*, 232 Pa. 1, 81 A. 63 (1911)).  *See Kincy v. Petro*, 606 Pa. 524, 2 A.3d 490, 497 (2010) ("A plaintiff may not amend a pleading to add a new and distinct party once the statute of limitations has expired.").

Thus, where the proposed change has the effect of adding a new party, it should be prohibited.  *Blaine*, *supra*; *Fredericks v. Sophocles*, 831 A.2d

---

[5] The Weigners' claim is governed by the two-year statute of limitations set forth in 42 Pa.C.S.A. § 5524(2).  Since the subject accident occurred on or about July 22, 2014, the two-year statute of limitations expired on or about July 22, 2016.  The Weigners sought to amend the caption of their complaint on April 19, 2017, well after the expiration of the applicable statute of limitations.

- 13 -

147, 150 (Pa.Super. 2003). The imposition of liability on a new and distinct party after the statute of limitations has run is the result to be avoided. **See id.** The test of whether an amendment to a complaint is permissible is whether the right party is sued but under a wrong designation, in which event the amendment is permissible, or whether a wrong party is sued and the amendment is designed to substitute another and distinct party. **Tork–Hiis v. Com.**, 558 Pa. 170, 735 A.2d 1256 (1999).

In the case *sub judice*, contrary to the Weigners' claim on appeal, their proposed amendment did not seek to correct a party's name, *i.e.*, correct the name "Xiang Lee" to "Xu Le." Rather, as the trial court properly determined, Xiang Lee and Xu Le are two separate individuals. That is, Xiang Lee is Lan's husband whereas Xu Le is Lan's cousin. Accordingly, the trial court did not err in concluding that the Weigners' proposed amendment sought to impose liability on a new and distinct party after the statute of limitations had run. Thus, the trial court did not abuse its discretion in denying the Weigners' petition to amend the caption on this basis.

With regard to the Weigners' claim that Xu Le misled Mr. Weigner as to his identity such that Xu Le should not be permitted to avoid liability, we note that this Court has ruled that an amendment to change the caption to reflect the proper party should be permitted where the defendants have actively misled the plaintiffs into believing the correct defendants have been named. **See Lafferty v. Alan Wexler Agency, Inc.**, 574 A.2d 671 (Pa.Super. 1990).

Further, the defendants' actions in misleading the plaintiffs need not be intentional, but the plaintiffs bear the burden of proving they were actively misled. **Montanya v. McGonegal**, 757 A.2d 947 (Pa.Super. 2000).

In the case *sub judice*, as the trial court determined, there is no evidence the named defendants (Lan and Lee) mislead the Weigners. In fact, in their answers with new matter, they specifically denied that Lee was the driver of the vehicle but admitted that Xu Le was driving Lan's vehicle at the time of the accident. Lan's Answer with New Matter, filed 2/14/17, at 1-2 ¶ 6; Lee's Answer with New Matter, filed 6/26/17, at 2 ¶ 7. Further, as the trial court indicated:

> [The] Weigner[s] knew or should have known within days of the accident that the driver of the vehicle that struck [Mr. Weigner] was neither Zhen Zhen Lan nor Xiang Lee, but rather a relative of the insured. [The Weigners,] nevertheless, commenced a negligence action against [only] Zhen Zhen Lan and Xiang Lee the day before the statute of limitations expired.

Trial Court Opinion, filed 11/8/18, at 7.

We find no abuse of discretion in this regard and agree with the trial court that the Weigners did not meet their burden of proof. **See Montanya**, **supra**. For instance, in his recorded statement to the insurance agent, which was made twenty minutes after the accident, Mr. Weigner indicated that he did not know the name of the driver. However, he admitted to the insurance agent that he was aware the driver was the cousin of the person that owned the Toyota, and the driver was a person separate and apart from the two people listed on the insurance policy (Lan and Lee). Further, in a second

recorded statement between the insurance agent and Mr. Weigner, the insurance agent confirmed the driver was a cousin of the listed insured. Moreover, Mr. Weigner admitted during his deposition that, when the driver gave him the correct insurance card at the scene of the accident, the driver pointed to the card, indicating he was a cousin of the insured.

Accordingly, as the trial court held, the Weigners knew or should have known within days of the accident that neither Lan nor Lee was the driver of the Toyota but that a separate person, a cousin, was the driver. We conclude that, absent "even a cursory explanation of any efforts [the Weigners] made to identify the driver during the two years before the statute of limitations expired," *id.* at 7, the trial court did not abuse its discretion in denying the Weigners' petition to amend the caption to include the driver, Xu Le.

Consequently, since the claims in the Weigners' complaint pertained solely to the negligence of the driver, Xu Le, who was not a party to the lawsuit, the trial court did not err in granting summary judgment in favor of Lan and Lee. **See generally Albright**, **supra**. For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/19